## CHISOLM *vs.* THE STATE.

[ INDICTMENT FOR GRAND LARCENY. ]

1. *Larceny; description of property, what sufficient.*—An indictment for the larceny of "four hundred and fifty dollars in specie coin of the United States, the denomination and description of which is to the grand jury unknown," sufficiently describes the property alleged to be stolen.

2. *Circumstantial evidence; what sufficient to justify conviction.*—In criminal prosecutions, circumstantial evidence, to justify conviction, should be such as to exclude a rational probability of innocence, and not every hypothesis or supposition.

3. *Circumstantial evidence; not alone sufficient, when direct and positive proof is attainable.*—A conviction ought not to be had on circumstantial evidence alone, when direct and positive proof is attainable; and for this reason, in prosecutions for larceny, the violation of the imme-

diate possession of the property, without the consent of the holder thereof, ought to be proved by his testimony, if practicable.

APPEAL from the Criminal Court of Dallas.
Tried before Hon. GEO. H. CRAIG.

The appellant was tried for grand larceny. The indictment charged, in substance, that the defendant had feloniously taken and carried away " four hundred and fifty dollars in specie coin of the United States," the denomination and description of which is to the grand jury unknown, of the value of four hundred and fifty dollars, the property of John J. Moore."

· The evidence, as shown by the bill of exceptions, was as follows: John J. Moore, a witness for the State, testified that he had given gold and silver amounting to two hundred and eighty or three hundred dollars, to his wife, to keep for him; that she deposited it in a box which she kept in a wardrobe in the dwelling of said Moore; that about the first of June, 1870, his wife informed him the money had been stolen; he thereupon examined the box where she had kept it, and found it nearly empty. The wife of defendant was in his employ as cook and house-keeper, had the confidence of the family, and generally carried the keys; that the defendant, who was in the employ of a son of the witness, was frequently about the premises of witness. The defendant was very poor.

The State then introduced Ned Hatley, who testified that some time in the fall of 1870 the defendant asked him if he had a small key; that Mr. Moore had some money he could get, if he had such a key. Witness did not give him any key.

Matt. Watkins was next introduced by the State, and testified that in the month of March, 1870, the defendant offered to sell him thirty dollars in gold. That he declined buying, and the defendant afterwards sold it to a brother of the witness. That in June of the same year, defendant came to witness to borrow two dollars, saying that Mr. Gibson had gone to Marion to see a fortune teller about the money, and that he, the defendant, wanted to go to

Selma, so as to be that far out of the way, should the fortune teller inform Mr. Gibson any thing about that money. Witness understood defendant to allude to the money he had sold to witness' brother. Mr. Moore's name was not mentioned in connection with the money. The defendant admitted afterwards to witness he came nearly being caught by Bob Moore, in Mr. Moore's house; that he had jumped out of the window to prevent it; that Messrs. Fort and Boswell, merchants in the neighborhood, had sold a good deal of gold and silver to the freedmen.

Jesse Watkins was then introduced by the State, and testified that the defendant had sold him thirty dollars in gold in the month of March, 1870.

This being all the evidence, the defendant asked the following charges, which were refused by the court:

1. Circumstantial evidence is always insufficient where, assuming all to be proved which the evidence tends to prove, some other hypothesis or supposition may still be true; for it is the actual exclusion of every hypothesis or supposition, which invests mere circumstances with the force of proof.

2. If it is possible that the wife of the witness, John J. Moore, who had charge of the money, may have disposed of it, then the *corpus delicti* has not been proved by circumstantial evidence.

3. If the owner of goods delivers them to a third person and they are stolen, such third party must be called to prove it.

After the jury had returned a verdict of guilty, a motion in arrest of judgment was made, embodying the following objections to the indictment:

1st. That it failed to state the number and denomination of the coins alleged to have been stolen.

2d. That it failed to allege what kinds of coins had been stolen—whether they were nickel, copper, silver, or gold.

3d. That it failed to state that the coins alleged to have been stolen were current in the State of Alabama by law, usage. and custom, or by either.

This motion was overruled by the court.

The defendant assigns as error, the action of the court

in overruling the said motion, and its refusal to give the charges asked,

A. P. YOUNG, for appellant.—1. The description in the indictment of the property alleged to have been stolen, was insufficient.—1 Chitty's Cr. Law, 193, [235]; 1 Archbold's Cr. Pl. and Ev. 88 ; 2 Russell on Crimes, 107 ; *The State v. Murphy*, 6 Ala. 845.

2. The indictment failed to state the facts and circumstances with such certainty and precision as to enable the defendant to judge whether he should demur or plead to the same.—Arch. Cr. Pl. 40 ; *Francois v. The State*, 20 Ala. 83 ; *Brown v. Mayor*, 23 Ala. 722.

3. The court erred in refusing the first and second charges asked.—Wills on Circumstantial Evidence, 171, (149) 172, 175, 183 ; Starkie on Evidence, p. 757.

4. The third charge asked should have been given.— 2 Russell on Crimes, 121 ; 3 Greenleaf on Evidence, § 161.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. An indictment for larceny should contain a description, as accurate as possible, of the property stolen. But if the property cannot be described except in general terms, an allegation of this fact will satisfy the requirements of the law.—*Sawtelle v. Commonwealth*, 11 Cush. 142.

2. The defendant was not indicted for stealing coins. If he had been, the character of the coins, the number, and perhaps the material of them, should have been alleged. But as he was charged with the larceny of dollars, a species of property, the nature of which is known to the court, no further description of the property was necessary.—*Sallie v. The State*, 39 Ala. 692 ; *McCrane v. The State*, 11 Ind. 195 ; 2 Bish. Crim. Pro. § 666.

3. The charges asked by the prisoner required explanation and qualification, and tended to mislead the jury. They were, therefore, properly refused.—*Rolston v. Langdon*, 26 Ala. 660 ; *Godbold v. Blair & Co.*, 27 Ala. 592 ; *Partridge v. Forsyth*, 29 Ala. 200.

B. F. SAFFOLD, J.—The appellant was convicted on

an indictment for the larceny of "four hundred and fifty dollars in specie coin of the United States, the denomination and description of which is to the grand jury unknown."

An indictment for larceny should describe the property with such certainty as will enable the jury to decide whether what is proved to be stolen is the very same with that upon which the indictment is founded, and show judicially to the court that it could have been the subject-matter of the offense charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same property.—Russ. on Crimes, p. 106.

Section 4116 of the Revised Code allows any fact which is unknown to the grand jury, and which is not a material ingredient of the offense, to be so charged in the indictment. Section 4112 of the Revised Code requires the facts constituting the offense to be stated in ordinary and concise language, without prolixity or repetition in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

The number of pieces of coin, the denomination, or the kind, whether gold, silver, copper, or other material, is not a necessary ingredient of a larceny of coin of the United States. Any coin of the United States is the subject of larceny, and the prisoner can not object if he has his future defense as to any coin charged in this indictment. The description is sufficient.—*Commonwealth v. Sawtelle,* 11 Cush. 142.

The first charge asked by the defendant was too sweeping. A presumption may be applied when the circumstances are such as to render the opposite hypothesis improbable. If the latter be rendered exceedingly remote and improbable, and morally, though not absolutely, impossible, the former is established as morally true.—3 Starkie's Ev. 506, 510, 483 ; Phil. Ev. vol. 1, p. 614, note. In criminal prosecutions, circumstantial evidence should be such as to exclude a rational probability of innocence to justify conviction.

The second charge asked was properly refused, for the reasons given in reference to the first.

The third charge, we think, ought to have been given. The larceny itself must be proved by the best evidence the nature of the case admits. Where non-consent is a principal ingredient in the offense, direct proof alone from the person whose non-consent is necessary can satisfy the rule. Other and inferior proof can not be resorted to, till it be impossible to procure this best evidence. When the person who last had innocent possession of the property can be called as a witness, some sufficient reason why it is not done ought to be shown.—Phil. Ev. vol. 1, p. 635; Russ. on Crimes, vol. 2, p. 121. In such cases, mere presumptive, *prima facie*, or circumstantial evidence, is secondary in degree, and can not be used till all the sources of direct evidence are exhausted.— *Williams v. The East India Co.*, 3 East, 192, 201.

Mr. Moore, the owner of the money, testified that his wife had immediate charge of the money, which was kept by her in a box placed in a wardrobe, the key to each of which she also kept; that about the beginning of the year 1870 he saw the money in the box for the last time, and about the first of June afterwards his wife told him it had been stolen, when he looked into the box and found only a few pieces of silver left; that he could not swear, of his own knowledge, the money was stolen. This was all the evidence to prove the larceny, the other testimony was circumstantial merely. In this state of proof, if the fact of larceny had been clearly proved, the admitted possession of the stolen property would scarcely be sufficient to impose on the defendant the necessity of accounting for his possession. But when it is not proved to have been stolen, and may have been taken any time within six months, and is not identified in the hands of the defendant, except by circumstances, a reasonable doubt of his guilt may well be admitted.

We do not wish to be understood to hold that larceny can not be proved without the testimony of the person who last had lawful possession of the property, but that a con-

viction ought not to be had on circumstantial evidence merely, when direct and positive proof is attainable.

The judgment is reversed, and the cause remanded.