# *Ex parte* Acree.

## *Petition for Habeas Corpus.*

1. *Circumstantial evidence.*—A person charged with a felony should not be convicted on circumstantial evidence alone, unless it excludes to a moral certainty every reasonable hypothesis but that of his guilt: no matter how strong the circumstances may be, they do not come up to the full measure of proof which the law requires, if they can be reconciled with the theory that another person was the guilty agent.

2. *Right to bail in capital case.*—A prisoner, charged with a capital felony, being entitled to bail as a matter of right, before conviction, except "when the proof is evident, or the presumption great," should not be refused bail, when the evidence against him is entirely circumstantial, unless it excludes to a moral certainty every reasonable hypothesis but that of his guilt.

THE petitioner in this case was indicted, jointly with a negro woman, for the murder of an infant child a few days old, which had been killed and buried, and of which the woman was supposed to be the mother. After indictment found, the petitioner applied, by petition in proper form, to the Hon. A. J. FLETCHER, probate judge of Covington county, to be admitted to bail; and on all the evidence adduced at the hearing, bail being refused by the probate judge, he now renews his application to this court, annexing to his petition a certified copy of the evidence adduced and the proceedings had before the probate judge.

STONE, J.—The evidence against the petitioner is all circumstantial. It may present very suspicious circumstances, and point strongly to the accused as the guilty perpetrator, or participant in the perpetration. It is not our intention to weaken the force of these circumstances. The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires. The constitutional provision on this subject declares, "That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident, or the pre-

sumption great."—Const., Art. 1, § 17. We think the defendant is entitled to bail.

The writs of *habeas corpus* and *certiorari* will be awarded, to bring the prisoner before this court, and also the proceedings had before Judge FLETCHER, unless counsel are content to apply to the judge below for the relief prayed for, and which we have shown the prisoner is entitled to. If granted by the probate judge, he will fix the amount of bail.