# Pfister v. The State.

### Indictment for Grand Larceny.

1. *Trial on legal holiday.*—The 22d day of February is, with us, made a legal holiday by statute (Code of 1886, § 1759); but it is not a non-judicial day, and a trial in a criminal case may lawfully be had on it against the defendant's consent.

2. *Variance in description of article stolen.*—Under an indictment for the larceny of a "gold watch," a conviction may be had on proof of the larceny of a watch only ten carats fine, which is called a gold watch by the public generally, though it is not so designated by jewellers.

APPEAL from Jefferson Criminal Court.

Tried before Hon. S. E. GREENE.

Appellant was indicted, tried and convicted of grand larceny in stealing a watch and chain alleged to be gold. The defendant objected to be put to a trial for the above offense on the 22nd day of February, the day the case was called for trial, on the ground that such day was a legal holiday— *dies non juridicus.* The objection was overruled. There was evidence tending to show that the watch case was not solid gold, and was not considered a gold watch case among jewellers, although such a case was generally called gold by the public.

The court refused to give the following charge requested by the defendant, "If the jury believed from the evidence that the watch alleged to have been stolen by the defendant was a ten carat watch, then the defendant cannot be convicted for stealing said ten carat watch, when the allegation in the indictment is a gold watch."

The court at the request of the State gave each of the following charges: 1. "An indictment which described stolen property by name or classification by which it is generally known and called, is sufficient, and when proof is made to correspond with this description there is no variance such as would acquit the defendant." 2. "In determining whether or not the watch was a gold watch, the jury must

[Pfister v. The State.]

look to all the evidence, and it is not necessary that they should believe that it was made entirely of gold, but if it was partly of gold and usually known and described as a gold watch then this is sufficient to warrant the jury in finding that it was such a watch as described in the indictment."

Wm. J. CAHALAN, for appellant.

THOS. N. McCLELLAN, Attorney-General, *contra.*—As to whether legal proceedings may be had on a legal holiday, see *State v. Ricketts*, 74 N. C. 192 ; *State v. Williams*, 4 Ire. 400; *Bland v. Whitfield*, 1 Jones, 122. The watch was properly described in the indictment.

STONE, C. J.—There is nothing in the objection that the defendant was tried on the 22nd February, a legal holiday. Holidays with us are not, on that account, non-judicial days. *Belmont Coal & R. R. Co. v. Smith*, 74 Ala. 206 ; *State v. Ricketts*, 74 N. C. 187; *Reid v. State*, 53 Ala. 402.

The defendant was indicted for the larceny of a gold watch and watch chain. The proof was that the case of the watch was composed of a metal ten carats of gold and fourteen of alloy, and that such watch was not considered a gold watch among jewellers, but that the people generally called such case a gold case.

"The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended," &c.—Code of 1886, § 4368; *Chisolm v. State*, 45 Ala. 66 ; *Washington v. State*, 58 Ala. 355; *Lavender v. State*, 60 Ala. 60.

We can not affirm, as matter of law, that the description, "one gold watch," would not enable a person of common understanding to know that the watch described by the witnesses, was the watch intended to be described in the indictment. It was such watch as is generally called a gold watch by the public. The criminal court did not err in refusing to give the charge first asked by defendant. In the other rulings, the trial court fairly submitted the questions of inquiry to the jury, and there is no error in the record.

Affirmed.