# Thomas v. The State.

*Indictment for Murder.*

1. *Charge as to reasonable doubt.*—On a trial under an indictment charging a felony, a charge which instructs the jury that "A person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt ; no matter how strong the circumstances may be, they do

not come up to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that the defendant may be innocent," is erroneous and calculated to mislead the jury; the latter clause requiring the measure of belief of the defendant's guilt to be greater than beyond a reasonable doubt, and authorizing his acquittal if the circumstances could be reasonably reconciled with the theory that he might possibly be innocent.

2. *Charge as to self-defense.*—On a trial for murder, an instruction to the jury that "Human life can be taken lawfully only in resistance of an assault threatening, imperilling life or grievous bodily harm," asserts an incorrect doctrine and is erroneous; the law not requiring that peril must actually exist before a party can strike in self-defense, but it is sufficient if the circumstances are such as to create a reasonable belief, and if the party does believe he is in imminent peril of life or great bodily harm, provided the other element of self-defense exist.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant was indicted for the murder of Frank Atkinson, was tried and convicted of manslaughter in the first degree, and sentenced to the penitentiary for ten years. The facts of the case are substantially the same as they were when the case was here on former appeal, and reported in the 103 Ala. 18.

The deceased and the defendant were attending a meeting of an association, of which they were both members; during a discussion of a question that was before the association, the defendant and the deceased began quarrelling, and upon being cursed by the defendant, the deceased picked up a chair, and, as the State's evidence tended to show, started towards the defendant whereupon the defendant shot him, from the effects of which wound he died in about 48 hours. The testimony for the defendant tended to show that the deceased started towards him with a heavy wooden chair uplifted, and struck at the defendant; that the defendant warded off the blow by throwing up his hands, and that just as the deceased was about to strike the defendant the second time, the defendant shot him.

Before announcing ready for trial, the defendant moved the court to quash the *venire* drawn for the week of the trial, on the following grounds: "First, because they were illegally selected by the jury commissioners, in this, that the said jury commissioners did not con-

form to the law by endorsing on the slips containing the names of jurors residing outside of the city of Mobile, the word 'county.' Second, because two of the jurors drawn on the *venire facias* for the week commencing Monday, January 14th, 1895, [the week in which the trial was had,] were drawn to serve as petit jurors, on slips which contained neither the word 'city' nor 'county,' but simply the name, respectively, of the two jurors drawn, with no other endorsement except 'Co.' " In support of this motion, the defendant offered the slips of paper containing the respective names of the jurors. The court overruled the defendant's motion, and the defendant thereupon duly excepted.

LESLIE B. SHELDON, for appellant, cited *Keith v. State*, 97 Ala. 32; *Rogers v. State*, 62 Ala. 170; *Storey v. State*, 71 Ala. 329; *DeArman v. State*, 71 Ala. 360.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Eiland v. State*, 52 Ala. 322; *Lewis v. State*, 51 Ala. 1; *Roden v. State*, 97 Ala. 54; *Keith v. State*, 97 Ala. 32.

COLEMAN, J.—The defendant was indicted and tried for murder, and convicted of manslaughter in the first degree. The killing was not denied. The defense relied upon self-defense to justify the homicide.

There are but two questions which in our opinion require consideration in this case. The court refused to give charge numbered six. It is in the following language: "A person charged with a felony should not be convicted, unless the evidence excludes to a moral certainty, every reasonable hypothesis but that of his guilt; no matter how strong the circumstances may be, they do not come up to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that the defendant may be innocent." The measure of proof necessary to justify a conviction in a criminal case, requires that a jury should be satisfied from the evidence of the guilt of the defendant beyond a reasonable doubt. And no matter how strong the circumstances may be against him, unless the evidence is so convincing and satisfactory as to exclude to a moral certainty, every reasonable hypothesis, arising from it

[Thomas v. The State.]

but that of his guilt, the proof is short of the measure required. So far as the charge asserts these principles it was correct. But the charge did not stop here. After stating the true rule, the charge went further and in its closing statement asserted that the full measure of proof required was not complied with, if the circumstances could be reasonably reconciled with the theory that "the defendant *may be* innocent;" that is, as we construe the language, and as we think it was calculated to impress the jury, if it could be reasonably reconciled with the theory that the defendant might possibly be innocent. The law does not require that the jury should be satisfied to absolute certainty of the defendant's guilt, or beyond a possibility of the defendant's innocence. This measure is greater than beyond a reasonable doubt. To say the least of it, the charge was calculated to mislead the jury. ` The court did not err in refusing the instruction.—*Pate v. The State*, 94 Ala. 14.

At the request of the solicitor the court instructed the jury as follows : "It is not the law of this State that any violent assault, importing peril or injury to the person may be resisted or repulsed to the extremity of taking the life of the assailant. There is no foundation for such a proposition. Human life can be taken lawfully only in resistance of an assault threatening, imperilling life or grievous bodily harm." We do not think this charge asserts the true doctrine. The law does not require that peril must actually exist, before a party can strike in self-defense. If the circumstances are such as to create a reasonable belief, and if from the circumstances the party does believe, that he is in imminent peril of life or limb, and he was not at fault in bringing on the difficulty, and there is no reasonably safe way of escape, the law excuses him for acting on such appearances, under such circumstances, even to the taking of life. The charge asserted more than the rule as we have stated it. The language is, "an assault threatening, imperilling life," not threatening *or* imperilling life. We do not think the language admits of any other legitimate construction than that placed upon it by us. Certainly it admits of this construction, and is the one a jury would probably give it. The court erred in giving the charge under consideration.

There are some questions in the record, which have

[Wilkinson v. The State.]

been disposed. of in the case of *Wilkinson v. State*, decided at the present term, (and which immediately follows this case), and it is unnecessary to consider them again.

For the errors pointed out the case must be reversed and remanded.

### *Indictment for Murder.*

