# Barnes v. The State.

### Indictment for Grand Larceny.

1. *Charge of court to jury; abstract.*—A charge to a jury which is unsupported in its recitals of facts and in its hypotheses by any evidence, is abstract and properly refused.

2. *Same; what proof necessary to convict.*—A charge in a criminal case, which instructs the jury that "no matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act," then the accused should be acquitted, is erroneous, in that its tendency is to require an acquittal if the evidence could be reconciled with a possibility that another than the defendant committed the offense.

3. *Same; reasonable doubt; exacting too high a measure of proof*—A charge in a criminal case, which instructs the jury that "the evidence to induce conviction should not be mere preponderance of probabilities, but it should be so convincing as to lead the mind to the conclusion that the accused can not be guiltless; and unless the evidence against the defendant should be such as to exclude to a moral certainty every reasonable hypothesis but that of his guilt," he must be acquitted, exacts too high a degree of proof and is erroneous, in that it requires the jury to believe that the defendant could not possibly be guiltless before they could convict him.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. N. D. DENSON.

The appellant was indicted, tried and convicted for the larceny of a sheep.

The evidence for the State tended to show that the defendant was guilty as charged; while the evidence for the defendant was in conflict with the State's evidence, and tended to show that he was not guilty of stealing the

sheep, but that said sheep in question belonged to him, the defendant.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that the humane provision of the law is that upon the evidence there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused; no matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires, and he should be acquitted." (2.) "The court charges the jury that it is certainly true that the guilty, when legally and properly proven to be so, should be punished; it is equally true that unless guilt is shown by the testimony which comes up to the high standard which has been wisely and humanely prescribed for the trial of a charge of crime the accused should be acquitted. Better far that the guilty go unpunished than that the innocent or those whose guilt is not shown beyond a reasonable doubt should be punished." (3.) "The court charges the jury that every one charged with the commission of an offense against the law is presumed innocent until his guilt is established, and the evidence to induce conviction should not be mere preponderance of probabilities, but it should be so convincing as to lead the mind to the conclusion that the accused can not be guiltless, and that unless the evidence against the defendant should be such as to exclude to a moral certainty every reasonable hypothesis but that of his guilt of the offense imputed to him, they must find him not guilty."

GAMBLE & BRICKEN, for appellant.—The first charge asked by the defendant, asserts the law and should have been given.—*Gilmore v. State*, 97 Ala. 154; *Ex parte Acree*, 63 Ala. 234. The third charge should have been given.—*Garrett v. State*, 96 Ala. 18; *Coleman v. State*, 59 Ala. 52; *Shepperd v. State*, 94 Ala. 102; *Bolling v. State*, 98 Ala. 80.

WM. C. FITTS, Attorney-General, for the State.—The

first charge requested by the defendant was properly refused, because it was abstract. It is substantially the same charge which the court condemned in *Thomas v. State*, 106 Ala. 19. Charge No. 3 exacted too high a measure of proof and was erroneous, as has been decided in the case of *Webb v. State*, 106 Ala. 52.

McCLELLAN, J.—There was no evidence in the case tending to show in the remotest degree that some other person than the defendant committed the offense charged in the indictment. The first charge requested by the defendant was, therefore, abstract in its last proposition, and for this was properly refused.

This charge is also bad in that its tendency was to authorize or require an acquittal if the evidence could be reconciled with a possibility that another than the defendant committed the offense.—*Thomas v. State*, 106 Ala. 19.

The second charge requested for defendant is a mere argument.

The third charge refused to defendant has been expressly condemned by this court on the ground that it exacts too high a degree of proof, in that it required the jury to believe that the defendant could not possibly be guiltless before they would be authorized to convict him.—*Webb v. State*, 106 Ala. 52.

Affirmed.

