# Pitman *v.* The State.

## *Assault With Intent to Ravish.*

(Decided Dec. 19, 1906.  42 So. Rep. 993.)

1. *Criminal Law; Appeal; Leading Question.*—It is within the discretion of the trial court to allow a leading question, and its action thereon is not revisable.

2. *Same; Evidence; Explanatory Matter.*—It was competent to show that on being told that defendant was in prosecutrix's room, her father went in the room and fired his pistol, that thereupon defendant jumped out of the window; and soon thereafter he was seen going up the steps to his room; that it was the habit and custom of defendant to take breakfast at the home of the prosecutrix, and of his failure to do so on the morning after the alleged assault, as shedding light on defendant's actions, having a legitimate bearing on the question of guilt or innocense.

3. *Same; Testimony of Defendant; Explanatory of Incriminating Circumstances.*—The state having been allowed to show that defendant did not eat breakfast at the home of the prosecutrix on the morning after the assault, and that it was his habit to eat there, it was error not to permit the defendant to show that it was not unusual for him to be away from breakfast there.

[Pitman v. The State.]

4. *Same; Appeal; Harmless Error.*—If error was committed in re-
fusing to allow proof of prosecutrix age, it was harmless as
her age was not a question at issue.

5. *Witnesses; Recalling for Impeachment; Discretion.*—It is within
the discretion of the trial court as to whether he will allow a
witness to be recalled for the purpose of being asked ques-
tions on which to lay a predicate to impeach such witnesses,
and not revisable.

6. *Criminal Law; Trial; Remarks of Counsel.*—It is not reversible
error to permit the solicitor to comment upon the evils gen-
erally of the crime which the law he was seeking to enforce
was intended to prevent.

7. *Same; Instructions; Offenses Included in Offense Charged.*—The
jury might, under the evidence, have found the defendant
guilty of an assault, or assault and battery, and hence a charge
that if they believed the evidence they should acquit defendant,
was error and properly refused.

8. *Same; Misleading Instructions.*—A charge asserting that if the
jury believe the evidence they must acquit the defendant of
assault to ravish, was misleading, as under the evidence they
might have found him guilty of the other offenses charged.
The proper form is that they should find defendant not guilty
of the higher offense.

9. *Same; Reasonable Doubt.*—A charge asserting that a probability
that some other person may have attempted to ravish prose-
cutrix is sufficient to create a reasonable doubt of defendant's
guilt, and therefore for his acquittal, was properly refused,
the nature of the. offense being such that some other person
and the defendant both might have been guilty thereof.

APPEAL from Monroe Circuit Court.

Heard before HON. J. T. LACKLAND.

The defendant was indicted, tried, and convicted for
an assault with intent to ravish one Tiny Collins. When
Alice and Tiny Collins, witnesses for the state, were be-
ing examined, they were each asked by the solicitor,
"Did the defendant come into your room that night?"
and both answered, "Yes, sir." The defendant objected
to the question, and also moved to exclude the answer,
on the grounds, first, that the question was leading, and
because the answer was given in response to a leading
question. In testifying, these witnesses stated that the
defendant came into their room that night, and was sit-
ting on the bed of Alice, and that Alice pushed him off

of her bed, whereupon he went to bed where Tiny was and put his arms around her neck. Thereupon Alice went to her father's room, and told him about the occurrence, and he came into the room, and fired his pistol three times, and the defendant jumped out of the back window, and in a few minutes he was seen going up the steps to his own room. The defendant moved to exclude what was said about the firing of the pistol and the defendant being seen soon afterwards going to his own room, but the court overruled the motion. It also developed in the testimony that the defendant boarded at this house, and it was shown, over the objection of the defendant, that he did not come to breakfast the next morning.

The defendant requested the following written instructions, which the court refused: Charge 1: "I charge you, gentlemen of the jury, that if you believe the evidence you will find the defendant not guilty." Charge 2 is set out in the opinion. Charge 7: "The court charges the jury a probability that some other person may have attempted to ravish Tiny Collins is sufficient to create a reasonable doubt of the guilt of the defendant, and therefore for his acquittal."

BARNETT & BUGG, for appellant.—The court erred in admitting the evidence of Alice Collins over defendant's objections.—*Scott v. State*, 48 Ala. 420. The court erred in permitting the argument of the solicitor to which defendant interposed objection.—*Cross v. State*, 68 Ala. 476. The facts in this case do not justify a conviction, and the court erred in refusing to defendant the affirmative charge.—*Louis v. State*, 35 Ala. 380; *Jones v. State*, 90 Ala. 628; *Toulet v. State*, 100 Ala. 72, 41 Am. Rep. 72. Counsel discuss other questions presented but cite no authorities.

MASSEY WILSON, Attorney General, for State.—The court did not err in respect of its action as to the evidence of the Collins women.—*Brassel v. State*, 91 Ala. 45; *Hudson v. State*, 137 Ala. 60; *Smith v. State*, 88 Ala. 73; *Dismukes v. State*, 83 Ala. 287; *Seams v. State*, 84 Ala. 410; *Spraggins v. State*, 139 Ala. 103. It was

competent to show that defendant was not at his board-
ing place next morning.—*Welsh v. State,* 97 Ala. 1.;
*Teague v. State,* 120 Ala. 309. The evidence was suffic-
ient to authorize a finding of guilt.—*Smith v. State,*
129 Ala. 89; *Dudley v. State,* 121 Ala. 4; *Brown v.
State,* 121 Ala. 9. It was permissible for the court to
let certain witnesses be recalled, or not, for the purpose
of impeachment.—*Vann v. State,* 140 Ala. 122.; *Riley, v.
State,* 88 Ala. 193.; *Phoenix Ins. Co. v. Moog,* 78 Ala.
284.

SIMPSON, J.—The defendant was convicted of the
offense of committing an assault with intent to ravish.
As to the first exception, referring to the leading ques-
tion to Mr. Pitman, it is a matter within the discretion
of the court to allow a leading question, and his action
is not reviewable on appeal.—*Brassel v. State,* 91 Ala.
45, 8 South. 679.

The testimony about the firing of the pistol, seeing
the defendant go up the steps to his room, about wheth-
er or not the defendant was in the habit of taking
breakfast at the house of the father of the prosecutrix,
and did not do so the morning after the offense is
claimed to have been committed, were proper circum-
stances to go to the jury for the purpose of identifying
the defendant, showing a reason for his not coming to
breakfast, etc. In fact, they were merely slight circum-
stances, which, if they had no bearing upon the case,
could not result in injury, and, if they had any bearing,
would only serve to explain actions which might have a
legitimate bearing on the question of guilt or innocence.
On the other hand, having allowed the prosecution to
prove that the defendant was in the habit of eating at
the house, and that he did not eat breakfast there the
morning after the occurrence, the evident purpose of
which was to raise an inference of conscious guilt, it
was error to refuse to allow the defendant to answer the
question as to whether it was anything unusual for him
not to take breakfast at the house, and thus give him an
opportunity to answer the inferences to be drawn from
the previous testimony.

There was no point made in the case as to the age of the women upon whom the assault was claimed to have been made, so that the refusal of the court to allow proof of her age could not result in any injury to the defendant.—Code 1896, § 4333.

The matter of permitting a witness to be recalled, for the purpose of putting questions to him with a view of impeaching him, rests in the discretion of the court. Consequently the court could not be placed in error for refusing to permit the witnesses J. S. Collins and Tiny Collins to be recalled for that purpose.—*Vann v. State,* 140 Ala. 123, 37 South. 158.

The remarks of the solicitor did not constitute reversible error. He did not state any fact, but was making a "comment upon the evils generally of the crime which the law he was (is) seeking to enforce intends to prevent."—*Dollar v. State,* 99 Ala. 238, 13 South. 575.

There was no error in the refusal of the court to give charge 1, requested by the defendant, as the jury might, under the evidence, have found the defendant guilty of an assault, or assault and battery.

The second charge requested by the defendant was that, "if the jury believe the evidence, they must acquit the defendant of an assault with intent to ravish." This charge was misleading in directing the jury to "acquit" the defendant of an assault with intent to ravish, in place of instructing them that they could not find him guilty of that offense. As worded, it was liable to impress the jury that, being acquitted, he could not be found guilty of an assault.

Referring to the refusal of the court to give charge 7, requested by the defendant, our previous decisions on similar charges seem to be in some confusion. The expression was used in *Ex parte Acree,* 63 Ala. 234, that, "no matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, the defendant is not shown to be guilty by that full measure of proof which the law requires." This case was followed, and a charge in the same words held correct, in *Gilmore's Case,* 99 Ala. 160, 13 South. 536. Without noticing these cases, such a charge was condemned and held to be bad, basing the decision on

the *Thomas Case,* 106 Ala. 19, 17 South. 460, in which
the language of the charge is not exactly the same.—
*Barnes v. State,* 111 Ala. 56, 20 South. 565. It was
held, again, that a charge that "probability that some
other person may have done the killing is sufficient to
create a reasonable doubt of the guilty of the defendant,
and, therefore, for his acquittal," would be appropriate
"if the evidence was circumstantial, pointed to the de-
fendant and some other person, not acting in concert
with him," but was not appropriate in that case, where
the two persons were principals aiding and abetting,
and, if one was guilty, both were.—*Pickens v. State,* 115
Ala. 42, 51, 52, 22 South. 551. In another case the
charge was "that if the evidence is susceptible of the in-
terpretation that Primus Hunter, and not the defend-
ant, assaulted Ora Savelle, they must acquit the defend-
ant," and the court held, without citing any cases, that
the charge "clearly invaded the province of the jury."—
*Brown v. State,* 121 Ala. 9, 12, 25 South. 744. Again,
the charge being that the jury should acquit "if the jury
could reconcile the evidence with the theory that
some other person may have done the act," the court
supposes that the charge was copied from the *Acree
Case,* and states that such case is not authority for
charging the jury in the language used, and holds the
charge misleading.—*Turner v. State,* 124 Ala. 59, 63, 27
South. 272. Again, in the case of *Bohlman v. State,*
135 Ala. 45, 33 South. 44, the case of *Gilmore v. State*
was declared to be wrong, and that the trial court com-
mitter no error in refusing a similar charge. Again,
the charge being, "A probability that some other person
may have done the shooting is sufficient to create a rea-
sonable doubt of the guilt of the defendant, and, there-
fore, for his acquittal," the court held that the charge
should have been given.—*Spraggin v. State,* 139 Ala.
93, 98, 103, 35 South. 1000. Lastly, the charge being,
"No matter how strong may be the circumstances, if
they can be reconciled with the theory that some other
person may have done the act, then the guilt of the ac-
cused is not shown by the full measure of proof the law
requires," this court held it to be misleading, in that "it
negatived the sufficiency of the evidence to convict if

[Mitchell v. The State.]

only it could be reconciled with the theory that some other person than the defendant may have done.the killing, without regard to whether such theory was based on evidence, or was speculative merely."—*Bowen v. State*, 140 Ala. 65, 67,-69, 37 South. 233.

In view of this conflict of opinion in our own decisions, we remark, first, that such a charge is not proper at all, except in those cases where there is evidence pointing to one or more persons other than the defendant; second, it is not proper if the nature of the offense is such that both may have been guilty; third, if allowed at all, a "theory" hypothesized should be a reasonable theory. Coming to the case now before the court, it will be readily seen that the charge would be improper, because it does not negative the guilt of the defendant. The nature of the offense is such that two men might commit it, at different times, so that it might be, not only probable, but true, that some other person may have committed the same offense, and yet the defendant have been guilty also.

As charge 8 was given, and read to the jury, we cannot place the court in error, because it was found, the day after the trial, in the envelope with refused charges.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.