(76 South. 408)

PUTNAM v. STATE. (7 Div. 467.)

(Court of Appeals of Alabama. June 5, 1917.)

1. CRIMINAL LAW ⬤269—MISNOMER—PLEA—SUFFICIENCY.

Where the indictment charged that defendant's name was Mans Putnam, "to the grand jury otherwise unknown," defendant's plea of misnomer was demurrable, where it did not controvert the allegation that defendant's name was unknown, in view of Code 1907, § 7142, providing that, where defendant's name is unknown to the grand jury, it may be so alleged, without further identification.

2. NAMES ⬤16(2)—IDEM SONANS.

The names "Mans Putnam" and "Mance Putnam" were idem sonans, making defendant's plea of misnomer demurrable.

3. CRIMINAL LAW ⬤1044 — EXCLUSION OF TESTIMONY—EXTENT OF REVIEW.

In a trial before the court, defendant's objection to a question was overruled, and the witness allowed to answer, whereupon the court announced that he would investigate, before deciding the case, and, if he found he was wrong, would exclude the answer. Defendant's counsel made no motion to exclude the answer, and it does not appear that the court ever finally passed upon the matter. Held, that the question would not be reviewed.

Appeal from Circuit Court, Cleburne County; Hugh D. Merrill, Judge.

Mans Putnam was indicted, tried, and convicted of assault and battery, and from the judgment he appeals. Affirmed.

S. W. Tate, of Anniston, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. [1, 2] The indictment charges that "Mans Putman, whose name is to the grand jury otherwise unknown," etc. There was a plea of misnomer, alleging that his true name was Mance, etc. This plea was demurred to, the second and third grounds being as follows:

"(2) Said indictment alleges that the name of the defendant is, as otherwise alleged in the indictment, unknown to the grand jury and this allegation is not controverted in the plea.

"(3) It appears from said plea the name of the defendant as alleged in the indictment and

the name of the defendant as alleged in the plea are idem sonans."

The demurrer was properly sustained First. Ground No. 2 was good. Code, § 7142; O'Brien v. State, 91 Ala. 25, 8 South. 560. Second. Ground No. 3 was good. The names are idem sonans.

[3] The case was tried before the court, without a jury, and the husband of the wife, who was assaulted, was asked the question "Did your wife report to you anything about Mans Putman having been there?" This question was objected to, and the objection overruled. The witness then answered, "Yes," whereupon the court announced that he would investigate it before he decided the case, and, if he found he was wrong, he would exclude it. The defendant's counsel does not insist that the court committed reversible error in this, and made no motion to exclude the answer, and it does not appear from the record that the court ever finally passed upon it one way or the other. Under these conditions, we do not pass upon the question.

There is no error in the record, and the judgment is affirmed.

Affirmed.