(85 South. 857)

MACHEN v. STATE.    (8 Div. 653.)

(Court of Appeals of Alabama. April 20, 1920.)

1. CRIMINAL LAW &#9758;400(4)—BOOKS MUST BE PRODUCED TO SHOW CONTENTS.

In a prosecution for grand larceny of a warehouse at a steamboat landing, it was necessary for the state to produce the shipping books of a steamboat company in order to show their contents, and a witness could not testify as to their contents without proper predicate.

2. CRIMINAL LAW &#9758;338(3)—LARCENY &#9758;51(1)—PROPERTY ON PREMISES PREVIOUS TO ROBBERY AND THINGS FOUND AT DEFENDANT'S HOUSE ADMISSIBLE.

In a prosecution for grand larceny from a warehouse at a steamboat landing, the state could prove by a witness that there was a bag of coffee put off at the landing on the day before the merchandise was missing, there being evidence tending to show it was the coffee stolen, and testimony as to flour found at defendant's house was admissible.

3. CRIMINAL LAW &#9758;736(2)—VOLUNTARY CHARACTER OF CONFESSIONS MATTER OF LAW FOR COURT.

Whether confessions are freely and voluntarily made is a matter of law to be determined by the court.

4. CRIMINAL LAW &#9758;1158(4)—DETERMINATION AS TO VOLUNTARY CHARACTER OF CONFESSIONS NOT TO BE DISTURBED.

In a prosecution for grand larceny, determination of the trial court as to the voluntary character of confessions of defendant testified to by a witness excused from the rule *held* not to be disturbed, having been made on the wit-

nesses before him, consequently with advantage.

5. CRIMINAL LAW &#9758;538(3)—EVIDENCE BY WAY OF CONFESSION WILL SUPPORT CONVICTION.

A confession shown to be voluntary is evidence which will support conviction.

6. CRIMINAL LAW &#9758;741(3) — WEIGHT OF CONFESSION FOR JURY.

The weight to be given defendant's alleged confession is a question for the jury.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Will Machen was indicted jointly with two others on a charge of grand larceny. On the trial of Machen alone, there was a judgment of conviction, and he appeals. Affirmed, and remanded for sentence.

Bouldin & Wimberly, of Scottsboro, for appellant.

See former report of this case in 115 Miss. 417, 76 South. 497. The state did not make out a case. 76 Ala. 47; 133 Ala. 145, 31 South. 806; 167 Ala. 88, 52 South. 417, 28 L. R. A. (N. S.) 536. The witness Jones should not have been permitted to have testified at all, and especially was it error to allow him to testify as to the confession. 55 Ala. 242; 72 Ala. 244; 68 Ala. 569; 104 Ala. 83, 16 South. 108; 110 Ala. 1, 20 South. 415, 55 Am. St. Rep. 17; 170 Ala. 36, 54 South. 175.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. This is the second appeal in this case. For former decision, see Machen v. State, 16 Ala. App. 170, 76 South. 407.

On this appeal, the state's evidence tends to show that certain flour, tobacco, and coffee, the property of Howard Bros. and J. A. Gilbreath, severally, was stolen from an open warehouse at Larkins Landing, on the Tennessee river; that these goods were ordered by these merchants and delivered by steamboat on the afternoon of Saturday before Easter Sunday, 1915; that they were delivered on the bank of the river, in an open warehouse, at a public landing, left there over night and were missing the next morning; that signs and tracks of three persons were found going toward the home of Martha Machen, over two miles away; that this defendant moved into the same house; that some weeks later certain tobacco of the class missing, in an unusual quantity, was found concealed in a box under the bed in a room occupied by defendant; nearly a barrel of flour was found in the same house, and 50 pounds of coffee was found hidden in the crib. In addition to this, the state

introduced testimony to show that this defendant had confessed to the larceny.

[1] The court correctly held that it would be necessary for the state to produce the shipping books of the steamboat company in order to show their contents, and that the witness Campbell could not testify to their contents without a proper predicate.

[2] It was competent for the state to prove by the witness Morgan that there was a bag of coffee put off at the landing on the day before the merchandise was missed. True, the coffee was not completely identified by this witness, but there was other evidence tending to prove that it was the coffee stolen. The same is true with reference to the testimony of Sumner as to the flour found at the house of defendant. The evidence in the case was largely circumstantial, and these were but circumstances to be taken and considered along with all the other facts and circumstances in determining the guilt or innocence of the defendant. The facts that there was flour, tobacco, and coffee at the landing, that there was flour, tobacco, and coffee at defendant's house in unusual quantities and kept concealed in a suspicious manner, were all relevant facts, though the identity may have depended on other testimony which, if not produced, would have warranted a motion to exclude; but in this case, there being such evidence, the motion to exclude was properly overruled.

[3-6] It was within the discretion of the trial judge to permit the witness Jones to be excused from the rule and to permit him to testify in the case, notwithstanding the rule had been invoked as to all the witnesses, and from this record we cannot say that this discretion was abused. This witness testified that, without his making any threats against the defendant, or making him any promises or offering any inducement to get him to make a statement, the defendant confessed to him that he had stolen the goods. Whether confessions are freely and voluntarily made is a matter of law to be determined by the court. Machen v. State, 16 Ala. App. 170, 76 South. 408. In this case, the trial court had the witnesses before him and was in better position to judge the facts than we. His judgment will therefore not be disturbed.' Maisel v. State, 81 South. 348.[1] The court very properly excluded the statement as to the whisky and left in the confession as to the theft. The many cases cited by appellant in brief as to the close scrutiny that all courts should apply to confessions when being offered as evidence are here reaffirmed, and also what this court said on former appeal of this case. But it is nonetheless the law that when confessions are shown to be voluntary they become evidence which will support a conviction and sometimes clear a situation which otherwise

might remain in doubt. As to what weight will be given to the confession is a question to be determined by the jury.

There is no reversible error so far as the judgment of conviction is concerned; therefore the judgment of conviction is affirmed. The trial having been had since the 18th day of February, 1920, the cause is remanded for proper sentence under Acts 1920, p. 148: Rogers v. State, ante, p. 175, 83 South. 359; Id., ante, p. 172, 82 South. 785.

Judgment of conviction affirmed; remanded for proper sentence.