(100 South. 315)

## Ex parte HILL.

## HILL v. STATE.

### (5 Div. 892.)

(Supreme Court of Alabama. May 22, 1924.)

1. **Criminal law** ⬥814(2)—**Showing necessary to warrant instruction that possible guilt of another is sufficient to constitute reasonable doubt of defendant's guilt stated.**

Instruction that the fact that circumstantial evidence solely relied upon by state indicates another than defendant may be guilty is sufficient to create a reasonable doubt is improper, except where there is evidence indicating the guilt of another person or persons than defendant, or if the offense is of such nature that both defendant and another may have been guilty of its commission, and when given in proper case the theory hypothesized should be a reasonable theory supported by and referred to the evidence.

2. **Criminal law** ⬥814(3)—**Instruction to find defendant not guilty if circumstantial evidence indicated possible guilt of another held properly denied.**

In prosecution for possession of prohibited liquor, instruction that if the evidence is circumstantial or partly circumstantial, and if the circumstances are such that another than defendant may be guilty, then the jury should adopt the theory which leads to the belief that defendant is not guilty, *held* properly denied where evidence did not indicate another's guilt, and the theory hypothesized was not reasonable.

Certiorari to Court of Appeals.

Petition of Bud Hill for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case of Hill v. State, 19 Ala. App. 618, 100 South. 314. Writ denied.

Charge 1, refused to defendant, is as follows:

"(1) I charge you, gentlemen of the jury, that, if the evidence is circumstantial or partly circumstantial, and if the circumstances are such as that some person other than the defendant may have committed the offense, if any was committed, then you should adopt the theory which leads to the belief that the defendant is not guilty.".

Jas. W. Strother, of Dadeville, for petitioner.

Charge 1 should have been given for defendant. Machen v. State, 16 Ala. App. 170, 76 South. 407; Newell v. State, 16 Ala. App. 77, 75 South. 625.

Harwell G. Davis, Atty. Gen., opposed.

No brief reached the Reporter.

THOMAS, J. After a discussion of rulings on the introduction of evidence, the further announcement of the Court of Appeals that "the court did not err in any of its rulings" embraced the refusal of defendant's charge 1. It is unnecessary to refer the same to the Court of Appeals for further treatment. Having ruled thereon, a case within Ex parte Cowart, 201 Ala. 55, 77 South. 349, is not presented.

Since there was no specific discussion of the charge, it should be said charges invoking like principles of law of circumstantial evidence have been considered.

The rulings of the Court of Appeals on the subject when considered are not inconsistent.

See Gunn v. State, 7 Ala. App. 132, 61 South. 468; Wilson v. State, 7 Ala. App. 134, 61 South. 471; Minor v. State, 15 Ala. App. 556, 74 South. 98, Newell v. State, 16 Ala. App. 77, 75 South. 625; Machen v. State, 16 Ala. App. 170, 76 South. 407; Jones v. State, 18 Ala. App. 116, 90 South. 135. It should be noted, however, that these cases last cited had no specific charge for consideration, as was instant charge 1. In the Jones Case, supra, the approval was of the oral charge declaring that the test is "not that the circumstances be as strong as the testimony of one or more eyewitnesses, but the test is, Do the circumstances produce a conviction of guilt in the minds of the jury to a moral certainty?" The general statement of law that follows cannot be said to authorize the giving by the trial court of the charge under discussion. However this may be, the Newell and Jones Cases do not appear to have had the consideration of this court on certiorari. The Bryant Case, 13 Ala. App. 206, 68 South. 704, said of the charge that "if not otherwise faulty" it "ignored consideration of the evidence," etc. Thus the decisions of the Court of Appeals are reconcilable.

In Chisolm v. State, 45 Ala. 66, it is said of the sufficiency of circumstantial evidence that it should be "such as to exclude a rational probability of innocence" of the defendant. In Salm v. State, 89 Ala. 56, 58, 8 South. 66, charge 20, on circumstantial evidence, that was approved, asserted the proposition that—

"The evidence must be strong and cogent; and unless it is so strong and cogent as to *show the defendant's guilt to a moral certainty*, the jury must find him not guilty." (Italics supplied.)

In Ex parte Acree, 63 Ala. 234, it is declared that, where the evidence was circumstantial, the defendant should not be convicted on such evidence "unless it shows by a full measure of proof that the defendant is guilty"; such proof is insufficient "unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of the guilt of the accused"; and "no matter how strong the circumstances, if they can be reconciled *with the theory* that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof," etc. (Italics supplied.)

A charge couched in the general statement of law to be found in Ex parte Acree, supra, was approved in Gilmore v. State, 99 Ala. 154, 157, 160, 13 South. 536, while a charge of like principle, or similar to that being considered, was condemned as argumentative in Shepperd v. State, 94 Ala. 102, 10 South. 663, Potter v. State, 92 Ala. 37, 9 South. 402, Dennis v. State, 112 Ala. 65, 68, 20 South. 925, and Rigsby v. State, 152 Ala. 9, 44 South. 608. The subject and form of the charge ap-

proved in Gilmore's Case, supra, was given specific treatment and condemned as erroneous in Thomas v State, 106 Ala. 19, 22, 17 South. 460, 461, where the court said:

"After stating the true rule, the charge went further and in its closing statement asserted that the full measure of proof required was not complied with, if the circumstances could be reasonably reconciled with the theory that 'the defendant may be innocent.'"

In the case of Compton v. State, 110 Ala. 24, 20 South. 119, a charge seeking to instruct that it was the duty of the jury to adopt that construction favorable to the defendant rather than that which is unfavorable, "if there be two reasonable constructions which can be given to facts proven," etc., was condemned. And in Barnes v. State, 111 Ala. 56, 20 South. 565, it was declared that a charge is bad that requires or authorizes an acquittal if the evidence could be reconciled "with a possibility that another than the defendant committed the offense."

In Turner v. State, 124 Ala. 59, 27 South. 272, Mr. Justice Sharpe said of a charge instructing for the acquittal of defendant if the jury could reconcile the evidence with the theory that some other person may have done the act that it "appears to have been copied from the opinion rendered in Ex parte Acree, 63 Ala. 234," and that the effect of the Acree Case, 63 Ala. 234, was that it was "not authority for charging the jury in the language used." The same justice made a like announcement in Oakley v. State, 135 Ala. 29, 33 South. 693, where the same conclusion was announced upon the authority of Bohlman v. State, 135 Ala. 45, 33 South. 44. There the justice specifically deals with the departure from the rule that was announced in Gilmore's Case, 99 Ala. 154, 13 South. 536, the overlooking of Shepperd v. State, 94 Ala. 102, 10 South. 663, and Dennis v. State, 112 Ala. 65, 20 South. 925, and held that such charge now for consideration was erroneous, and that the Gilmore Case, so far as it holds to the contrary, is overruled. See, also, Bowen v. State, 140 Ala. 65, 37 South. 233; Parham v. State, 147 Ala. 57, 42 South. 1.

In Parham v. State, supra, Fowler v. State, 155 Ala. 21, 28, 45 South. 913, and Phillips v. State, 162 Ala. 23, 24, 50 South. 194, Mr. Justice Denson condemned charges such as that under consideration.

In Pickens v. State, 115 Ala. 42, 22 South. 551, the defendant was tried for murder, and the evidence in behalf of the state was circumstantial—tended to connect the defendant and another with the time and place of the homicide, acting in concert, etc.—and defendant's evidence tended to show for him an alibi. Held:

"A charge which instructs the jury that 'a probability that some other person may have done the killing, is sufficient to create a rea-

sonable doubt of the guilt of the defendant,' is properly refused; since the defendant and the other person, both being present, aiding and abetting in the commission of the homicide, were each equally guilty, and the fact that the other person fired the fatal shot would not justify the acquittal of the defendant."

In Ott v. State, 160 Ala. 29, 33, 49 South. 810, it was declared, of the ruling on evidence, that—

"The trial court erred in instructing the jury that there was no evidence to show that the two negroes, Josh and Will Dickinson, had anything to do with the killing of deceased."

The statement there that:

"When the evidence is circumstantial, it must be so complete, so strong, so cogent, as to show guilt to a moral certainty. It must exclude every other reasonable hypothesis than that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that one other than the defendant committed the crime for which he is on trial, he should be acquitted,"

—was not of the sufficiency of a charge as that before us, but a general statement of the burden of proof or sufficiency of the evidence required of the state in such a case where the relevant evidence (as indicated) was admitted.

[1] A classification of the decisions of this court according to the facts of each case warrants the statement that (1) such a charge in proper form is improper except in those cases where there is evidence pointing to another person or persons than defendant as the party or parties who was or were guilty of the offense; (2) that such a charge is improper if the nature of the offense is such that both defendant and another "may have been guilty" of the commission thereof; and (3) in a proper case—where such charge is allowable—the "theory hypothesized should be a reasonable theory" that is supported by and referred to the evidence. Pitman v. State, 148 Ala. 612, 42 South. 993.

[2] Charge 1, requested by the defendant, was properly refused. It offended the foregoing statement of the rule. in that it did not hypothesize (1) that the circumstances in evidence showed that some other person than the defendant committed the offense of having prohibited liquors in his automobile at the time and place indicated, and (2) that the theory hypothesized (in the charge) was not that it was a reasonable theory arising out of the evidence.

There was no error as to the admission of evidence under the findings and recitals of fact as contained in the opinion of the Court of Appeals.

The writ of certiorari is denied.

Writ denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.