(130 So. 317)

## SIMS v. STATE.

### 8 Div. 791.

Court of Appeals of Alabama.
March 4, 1930.

Rehearing Denied June 24, 1930.

Joe Starnes, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

## SAMFORD, J.

The appellant complains that on the trial the court refused to permit him to introduce certain evidence tending to prove that one Charley Selvage was also guilty of possessing the still in question, that he was the owner and had made efforts to dispose of the product therefrom. All of the rulings on these questions and embraced in assignments of error 2, 3, 4, 5, 6, and 7, were free from error. Assuming that Selvage did own an interest in the still and that he tried to sell or even sold the whisky made there, if this defendant was there present at the time the officers made the raid, exercising acts of ownership over the still, or was aiding, or abetting in its possession or the manufacture of whisky thereon he would be guilty. All of this testimony was immaterial.

There was evidence of the corpus delicti and sufficient evidence tending to connect the defendant with it to justify a verdict of guilty, and the fact that only a teaspoonful of whisky had been run at the time of the raid is no defense to either count of the indictment.

In cases of such as the case at bar, where the evidence points to the commission of a crime in which others might be equally involved with the defendant, refused charge 6 is misleading. Ex parte Bud Hill, 211 Ala. 311, 100 So. 315. Refused charge 10 was fully and clearly covered in the court's oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Affidavits filed in this court as to evidence discovered since the trial and appeal taken cannot avail the defendant anything. The case is considered here on the record as made in the trial court and duly certified by the clerk.

The application is overruled.