## JOHN MARTIN ELDER *v.* HILZHEIM & ANDERSON.

1. PLEADING: DEBT: ACTION FOR STATUTORY PENALTY FOR CUTTING TREES.—
Debt, and not trespass *quare clausum fregit*, is the proper remedy to recover the penalty prescribed by the statute, for cutting and carrying away the plaintiff's trees without his consent. See *Blackburn* v. *Baker*, 7 Porter R. 284.

2. SAME: JOINDER OF COUNTS: DEBT FOR STATUTORY PENALTY FOR CUTTING TREES, AND TRESPASS QUARE CLAUSUM FREGIT.—A count in debt, to recover the penalty prescribed by the statute, for cutting and carrying away the plaintiff's trees, cannot be united with a count in trespass *quare clausum fregit;* but the plaintiff may join a count for the statutory price, and a count in debt for the actual value of the trees.

3. PRACTICE: VENUE: ACTION IN COUNTY WHERE DEFENDANT DOES NOT RESIDE.
—Ejectment and trespass *quare clausum fregit* are the only action which can be brought in a county where the defendant does not reside, and is not found.

4. SAME: SAME: WHEN ACTION DISMISSED FOR IMPROPER VENUE—Where' an action not local, is brought in a county where the defendant does not reside, and in which he is not found at the commencement of the suit, it will be dismissed.

ERROR to the Circuit Court of Madison county. Hon. E. G. Henry, judge.

The plaintiff in error brought this suit against the defendants in error, in the Circuit Court of Madison, in January, 1858.

The first count was in debt, to recover the price prescribed by the

statute, for trees of the plaintiff, cut, carried away, and destroyed by defendants.

The second count averred, "that the plaintiff is now, and has been for a long time, seised and possessed in fee simple, and was so seised and possessed during the whole of the year 1857, of (certain lands described in the count), and lying in the county of Madison, in this State, and that during the fall or summer of 1857, the defendants . . . did cut down, carry away from, or destroy on said lands, sixty-seven other pine trees, without having first obtained the consent of plaintiff; which said trees were carried off and appropriated to the use of said defendants; and plaintiff alleges, that the said trees were worth six hundred and seventy dollars, and the same has not been paid, or any part thereof, to plaintiff; and the relief demanded under this count is a judgment for the said sum of six hundred and seventy dollars, interest, and cost of suit."

Upon the filing of the declaration, a summons was issued to the sheriff of Hinds county, who executed it on the defendants. At the return term the defendants appeared, and moved the court to dismiss the action for want of jurisdiction, and alleging that they were not residents of Madison county, nor found therein, but were residents and freeholders in Hinds county. Upon the trial of this motion, the above facts were admitted. The court overruled the motion, and the defendants excepted. The defendants then demurred to the declaration, for a misjoinder of the counts in it. The court sustained the demurrer, and the plaintiff refusing to amend, the suit was dismissed. Thereupon the plaintiff sued out this writ of error.

*Davis* and *Hill*, for plaintiff in error.

The action of the court, in sustaining the demurrer, seems to be predicated on this idea,—that the first count in the declaration, for the statutory value of the timber, was in debt; and the second count, for the actual value, was in trespass; and that debt and trespass could not be united. This, we take, to be the ground of the decision.

Tested even by the most technical rules, these two counts could be united, for they are of the same nature. The same plea may

Elder *v.* Hilzheim & Anderson.

be pleaded (for not guilty may be pleaded to an action on a statute, as well as *nil debet*); and the same judgment may be rendered in each count. That the counts are of the same nature is obvious; that the same plea may be pleaded, see 1 T. Rep. 462; 2 Saunders on Pleading and Evidence, 831, where, it is said, not guilty, may be pleaded to an action of debt on a statute. The judgment in either case is the same, being for the damages, whether statutory, or actual, as proved.

The court below, and counsel of defendants, proceed on the idea, that the first count is necessarily a count in debt; because of this general common principle, that, wherever the statute gives a right, and provides no remedy, debt is the only action. This is a mistaken application of the rule; or, rather, it is a misstatement of the rule. The rule means only that, where a statute gives a right, or prohibits a thing under a penalty, and provides no specific remedy or action for its enforcement, that the party grieved shall not be without some appropriate form of action. Debt may be resorted to; not that debt is the only, or the peculiar and single remedy, but simply that this action will lie in such case.

Now, independent of the statute (Hutch. Code, 280), there is an action of trespass *quare clausum fregit*, for the injury set out in the declaration; but the statute comes in and says, for trespasses to timber, a specific statutory value shall be attached; and, can it be pretended, that a trespass ceases to be a trespass, and becomes a debt technically, because the legislature has assessed the damages at ten dollars for each tree? and if plaintiff chooses to unite the remedy under the statute, and that independent of the statute, he is guilty of a misjoinder of causes of action, when the cause of action is of the same nature (trespass), and the same plea may be pleaded (not guilty), and same judgment rendered,—for the actual and statutory value may be the same?

Now, our view of it is simply this,—that if a statute gives a party a right to damages, and there be no particular common law remedy appropriate to the assertion of his claim, debt will lie; but, in the case at bar, there is a remedy, by action of trespass; and hence, it is not necessary that plaintiff should resort to the action of debt.

To show the absurdity of the position contended, it will be seen

the legitimate consequence of it is that, if trespass to timber is committed under the statute, it becomes a debt, and suit could be brought in the State of Maine or California, for cutting down trees in Madison county, if the defendants should remove there, contrary to the well-established doctrine, that a trespass to realty in one county, cannot be sued for in another and different county.

Its absurdity is equally manifest from another view. Suppose a defendant goes on inclosed woodland of plaintiff, having also under the same fence a crop of corn, and, in getting into the woodland, he throws down and leaves open the inclosure, and, after getting in, cuts down one hundred trees, and, leaving down the inclosure, cattle get in and destroy plaintiff's crop ; could it be pretended that plaintiff could not sue in the same action for the statutory value of the trees, and also for the consequential injury resulting to him from the gates and bars being left open, whereby his crop was destroyed ? Yet that would be precisely analogous to the case at bar. Defendant, in the case supposed, would demur for misjoinder of causes of action, urging that the count for the statutory value of the trees was debt; and the count for the destruction of the crop from leaving the bars down, was an ordinary count in trespass; and that debt and trespass could not be united. Now, we take it, that any sensible court would say, that the entire transaction is one and the same trespass; and that there was not only no misjoinder, but that, if separate suits had been instituted, the court would require them to be consolidated.

Again, it is insisted that, under the spirit of the present Pleading Act, the ancient distinctions in the forms of declaring are abolished.

It is proper to remark, that two counts were inserted, in the declaration in this case, to meet every possible state of the proof; for, in these actions of trespass to timber, the general defence (if the case should be susceptible of easy proof by plaintiff) is, that the defendant did not intend to commit the trespass; but that he owned adjacent lands, and that he ignorantly went on the lines of the plaintiff; and, in such case, this court, in the case of *Perkins* v. *Hackleman*, 26 Miss. R. 41, intimate that, perhaps, the defendant would only be responsible for the actual value of the timber ; and, it might be doubted, whether, under such a count, a count only for

the statutory value, the actual value could be shown; and, to remove any doubt on this point, the two counts were inserted.

*W. P. Harris*, for defendants in error.

The record in this case gives rise to the following questions:—

1st. What is the proper remedy to recover the specific penalty or forfeiture, declared by statute, for cutting down or destroying trees, &c.? Code of 1857, 191, art. 1; and Hutch. Code, 280, sec. 7.

2d. Can the action for the "specific penalty" (see art. 8, 192, Code 1857), be joined in the same declaration with a count in trespass *quare clausum fregit,* for general damages?

3d. Is the action for the specific penalty, local or transitory?

These questions were presented to the court below:—

1st. By a motion, which was overruled, to dismiss the suit for want of jurisdiction, upon the assumption, that the action being for the "specific penalty," declared by statute, was an action of debt; or, at all events, not an action of trespass *quare clausum fregit;* and, thereupon, not local; and

2d. The court having decided, that the second count in the declaration, being a count in trespass *quare clausum fregit,*—and that being local, was sufficient to sustain the jurisdiction of the court,—a demurrer was filed to the declaration; because it united debt for the specific penalty, with a count in trespass for damages. For this cause, the demurrer was sustained, and, the plaintiff declining to amend, final judgment of dismissal was rendered.

The declaration states, that the cutting, &c., took place in the "fall or summer of 1857;" and, therefore, it is not certain whether the injury was done before or since the Code of 1857 went into effect. It is not material, however, whether the questions presented are considered with reference to the Act of 1822, Hutch. Code, 280, or the Code of 1857, 191. The same remedy exists, and the regulation, respecting jurisdiction in civil actions, is the same. See Hutch. Code, 835, sec. 19; Code 1857, 483, art. 32. The forms of pleading, and the rules governing the joinder of causes of action, must, however, be determined by the Code of 1857,—the action having been instituted since it went into effect.

Both counts in the declaration state the facts which bring the

case within the statute which gives the forfeiture.   The plaintiff, in both counts, states, that he is "owner;" that the defendants cut down sixty-seven pine trees on his, plaintiff's, land, and without his consent.   In the first count, however, he expressly claims ten dollars for each tree, as so much due him as a "forfeiture" under the statute, and which the defendants have failed to pay, &c.

The second count claims the aggregate sum of $670, as the value of the sixty-seven pine trees so cut and carried away, without claiming that amount as a forfeiture by the statute.   In neither count is stated that the defendants broke or entered the close, or entered upon the land of the plaintiff; nor is stated that damages were occasioned by the act, nor is anything claimed as damages.   In both counts, the sum given by statute for the number of trees cut down is claimed, " with interest and costs."

The argument of the motion to dismiss for want of jurdisdiction, touched the question decided on demurrer, and the decision on the demurrer, was but the logical conclusion from the reason given by the judge for overruling the motion.   The whole process by which the result was obtained will be briefly sketched, as it serves to exhibit the true bearing of questions to be decided by this court. The precise questions here presented have never been decided, so far as I know, by this court.

By the statute (Hutch. Code, 835, § 19; Code 1857, 483), ejectment and trespass q. c. f. are the only local actions known to our law.   There were many such actions at common law, but we have now but the two, unless some special act has made some particular remedy local.

In these actions, the jurisdiction pertains to the Circuit Court of the county in which the lands are situated, without any regard to the residence of the defendant, or the county in which he " may be found."   The jurisdiction arises from the subject-matter of the suit. In all other civil actions, jurisdiction depends on the fact of the defendant being found in the county in which the suit is brought, or of his residence there.   Where, therefore, the action is not local, and the defendant does not reside in the county, and is not found there when the suit is commenced, the court has no jurisdiction of the cause, and the course is to dismiss, on motion.   *The Bank of Vicksburg* v. *Jennings et al.* 5 How. 425.

The court has no jurisdiction to change the *venue*, on the defendant's motion; that remedy applies to the cases in which a defendant, having his freehold and residence in one county, is sued in another county, being found there, and served with process. His being found in that county, gives the court of that county jurisdiction in a transitory action; but the defendant has the right to have a change of *venue* to the county of his residence and freehold.

It will be seen from the bill of exceptions, that it was admitted, that at the time of commencing the suit the defendants were not found in the county of Madison, and did not reside there, but were resident freeholders of Hinds county, and the return on the writ shows that they were found in Hinds county. The court, therefore, had no jurisdiction of the cause, unless the action brought for the "specific penalty" given by the statute is local, and that depends upon the question whether the action is the action of trespass *q. c. f.*, assuming for the present, that both counts are framed with reference to the statute, and seek to recover the penalty.

I insist, that for many reasons founded in the principles of the common law, and for many reasons founded upon the statutes in the Code, the action for the sum of money given to the owner of the land as a forfeiture for cutting down pine trees, is distinct from the action of trespass *quare clausum fregit*, mentioned in the Code, p. 483. What that action is, is left to be determined by the common law.

By a well-established rule, when a statute declares that for a specific injury, whether it be to the person, or to personal or real property, corporeal or incorporeal, the wrongdoer shall forfeit and pay to the party injured a specific penalty, and no form of remedy is expressly given, debt is the proper remedy. See 7 Porter Ala. 282, and the cases there cited; *Strange* v. *Powel*, 15 Ala. 452; and *Morrison* v. *Bidell*, 2 Foster, 236.

Unless there is an express provision to the contrary, the action for the penalty is no bar to any common law remedy for general damages; and to make this clear, the Code makes a provision that the recovery of the specific penalty for the specific act shall not bar any action for damages. See Code 1857, 192, Art. 8. This is conclusive evidence that the remedy for damages and that for the penalty, were regarded as substantially distinct by the legislature.

But it will be obvious that there is a broad distinction in the very nature of the two actions, which is preserved by the statutes throughout.

1st. The "owner" of the land is the only person to whom the penalty is given, and his right to recover it does not depend on possession. He may recover the penalty, although the land may be in possession of a tenant, or in the possession of one holding adversely to him; and therefore the right of action for the penalty may be in one person, while the right to damages may be in another.

The action of trespass *q. c. f.* is founded on possession, actual or constructive. It may be brought by the tenant or a mere occupant, and the owner out of possession cannot maintain it. 15 Illinois, 555.

In the action of trespass *q. c. f.*, the plaintiff must allege and prove possession actual or constructive.

In the action for the penalty, he need only aver and prove that he is "owner."

2d. In the action of trespass *q. c. f.*, the plaintiff is not restricted in the amount of damages, but may recover a sum greater than the penalty, and for other damages occasioned by breaking and entering his close.

In the action for the penalty, he can only recover the specific sum given by statute, and no proof of other or further damages is allowed.

3d. The owner of the land may bring his suit for the penalty before a justice of the peace (Code, 191); but he cannot bring the action of trespass *q. c. f.* before a justice of the peace.

4th. The action for the penalty is barred in twelve months, but the action of trespass *q. c. f.* is not barred until the lapse of six years.

5th. The defendant in trespass *q. c. f.* may prove tender of sufficient amends (Code, 494, art. 104); but where the penalty is sued for, no tender short of the penalty would be available.

6th. In trespass *q. c. f.*, the costs depend on the amount of recovery. Code, 523.

But in the action for the penalty, an action not founded on possession, title is always involved, though the object is not to try

title, and the defendant must pay the costs, though the recovery may be less than $10; and it seems, furthermore, that if the trespass was not wilful, no recovery for any sum can be had under the statute. *Batchelder* v. *Kelly*, 10 N. H. Rep. 436; *Russel* v. *Irby*, 13 Ala. 131; *Givens* v. *Kendrick*, 15 Ala. 468; *Perkins* v. *Hackleman*, 26 Miss. 41.

It is well known that in trespass *q. c. f.*, it is no bar to the action that the trespass was accidental or involuntary.

The object in pointing out these distinctions is to show that they exist, and also to show the necessity of preserving them in practice.

It is no answer to the reasoning founded on the foregoing analysis, that the action under the statute, is in its nature, for an injury which at common law was the subject of an action of trespass. The same may be said of every action under a statute, which gives a specific sum as a forfeiture for a wrongful act. The common law remedy is not taken away. The statutory remedy is cumulative, but distinct. The common law action sounds in damages, and is founded on possession. The statutory remedy is for a specific sum, as a forfeiture or penalty, and it is not founded on possession.

The conclusion is therefore inevitable, that when the statute says that the action of trespass *quare clausum fregit* is local, it does not mean that the action to recover a penalty for cutting down trees, is trespass *quare clausum fregit*.

The one is trespass, the other is debt.

The first count in the declaration is obviously an action of debt, for the specific penalty; but the court held that the second count, as it did not openly claim the money as a forfeiture, or refer to the statute, might be, or must be taken as a count in trespass *quare clausum fregit*; and upon this ruling of the court, the defendant demurred to the declaration, because it associated causes of action which could not be united.

The action of debt cannot be united with trespass, and it may be asserted, as the result of the foregoing positions, that the action for the statutory penalty, cannot be united with the action of trespass *quare clausum fregit*. For a very clear and full discussion of this question, in regard to a statute like our own, the court is referred to the case of *Morrison* v. *Bidell*, 2 Foster, N. H. 236; 1 Comyn Dig. (Action) 222, title (G. 1).

The force of this decision, as an authority, is not impaired by the reference made in the opinion to the general provisions of the statute, respecting actions for penalties created by statute, since that general statute announced the general principle of the common law, that wherever a penalty is given and no form of action is prescribed, debt is the proper action. It will be seen that the learned judge reasons not so much upon the meaning of that statute, as upon the general principles of the common law, and the nature of the two actions; and it is apparent that the court relied upon the principles of the common law, independent of the statute in regard to actions for penalties.

The first statute of New Hampshire, on the subject of timber, provided that trespass should be the remedy. (See case, 10 N. H. Rep., cited *ante*.) This statute was superseded by a later statute, which prescribed no remedy, and the court held, upon general principles, that the action of debt was the only remedy, and that it could not be joined with a count in trespass *quare clausum fregit*.

The attention of this court, is particularly called to the proper distinction taken by the New Hampshire court, between those statutes, which, without giving any new remedy, or any specific sum as a penalty for a distinct act, merely provide for an increase of damages and costs, and those statutes, which give a specific sum independent of the extent of the injury, holding that the timber is of the latter class. In the first class, the amount of recovery still depends on the amount of actual damages, which are to be doubled or trebled; and the actual damages, of course, are left to be ascertained by the existing remedy for damages. In the latter class of cases, the amount of recovery is fixed by the statute, and is independent of the actual injury sustained, leaving the party free to resort to the existing remedy for general damages in a separate suit.

The soundness of the views expressed by the court in *Morrison* v. *Bidell*, will be acknowledged when we consider what must take place on the trial, when the declaration contains a count for the penalty, and a count in trespass *quare clausum fregit*, for general damages. Under one count the plaintiff need not prove possession, but is bound to prove that he is " owner." Under the other,

Elder *v.* Hilzheim & Anderson.

he is bound to prove possession, actual or constructive, but need not prove that he is owner. In the one case, he is entitled to recover on possession, alone, or as tenant of the owner. In the other, he cannot recover as tenant or occupant. In one case he may recover, though he is out of possession, and another is in possession. In the other case, he cannot recover under these circumstances. Under one count, title is necessarily involved. Under the other, it is not, or may not be. The extent of the injury done is material in the one case, and not material in the other. Proof showing that the injury was done by mistake will defeat one count, but will not defeat the other. Proof showing that the plaintiff is a mere occupant or tenant, will defeat the count for the penalty, while it shows a right to recover under the other count. The defendant may show under one count that he tendered a sum equal to the amount of the injury done, although not the amount of the penalty, and thus be entitled to recover costs; yet the count for the penalty cannot be met by such proof. Added to these contradictions, is the question of costs depending on the amount of recovery, the wilfulness of the trespass, and the fact of the title being involved, which arises under one count and not under the other, and thus increasing the complication.

With our knowledge of the constitution of juries, can we suppose that they can run the gauntlet of these perplexities, and arrive at a correct result? Is not the whole science of pleading a farce, if in its perfected state, it is proper to blend in one suit grounds of recovery so opposite, and grounds of defence so conflicting and suicidal?

The two actions require different modes of defence; different rules of evidence; different verdicts and judgments. They are noted as distinct actions in the law of pleading, and in the Statute of Limitations. Besides, if the action for the penalty is transitory, as it clearly is, this is an additional reason why it cannot be joined with trespass *quare clausum fregit.*

It is to be borne in mind that the Act of 1850, on pleading, has been abrogated by the Code of 1857, and the common law system restored, subject to the alterations made by the Code. The common law forbids the union of debt and trespass in the same declaration, and there is nothing in the Code that sanctions it. An examina-

tion of the Code will convince the court that the basis of our system of pleading is the common law, and that the forms of actions, as known to that system, are still preserved and recognized.

If, therefore, the court below was right in assuming that the second count was in trespass *quare clausum fregit* for general damages, because it does not claim the penalty, the demurrer was properly sustained; but if it was a count on the statute, for the specific penalty, then the action is transitory, and should have been dismissed on the motion.

The plaintiff declined to amend, because on the principle of the decision by the circuit judge, the amendment ordered involved an abandonment of the claim for the penalty; and, as that claim is still to be urged, it is important that this court should dispose of all the questions presented in the record, the question of jurisdiction, and the question of pleading.

The case in 2 Foster collects the authorities, and is full and well considered.

HANDY, J., delivered the opinion of the court.

This action was brought, in January, 1858, by the plaintiff in error, in the Circuit Court of Madison county, to recover of the defendants, damages for cutting down a quantity of trees upon the land of the plaintiff, lying in that county, the defendants residing in Hinds county.

The declaration contained two counts, both claiming that the plaintiff was seised and possessed of the lands upon which the injury was committed,—the first charging that the defendants cut down, carried away, or destroyed sixty-seven pine trees, without the plaintiff's consent, and claiming the sum of ten dollars for each of said trees, *according to the statute*, amounting to the sum of six hundred and seventy dollars; the second containing the same allegations, and seeking to recover the *actual value* of the trees, which is alleged to be $670.

At the return term, the defendants appeared, and moved the court to dismiss the suit, for want of jurisdiction, because they were not residents of the county where it was brought, nor found therein,—which facts were admitted by the plaintiff. This motion was over-ruled; and the defendants then demurred to the declaration, on

the ground of misjoinder of counts in it; and the demurrer was sustained, and judgment rendered for the defendants. The plaintiff, thereupon, sued out his writ of error, and brings the case here.

It is now insisted, that the two counts in the declaration were properly joined, and that the demurrer should not have been overruled.

The only material difference between the two counts is, that the first seeks to recover the *statute value* annexed to the trees, as a forfeiture for cutting down, carrying away, or destroying them; and the second seeks to recover the *real value* of the trees cut down and taken away. In both, the cutting down and taking away of the trees is the grievance complained of. The first concludes: "Whereby the defendants *have forfeited and become liable* to pay to the plaintiff the sum of ten dollars for each of said trees, &c., according to the statute," &c.; and the other concludes: "That said trees were worth $670, and the same has not been paid to the plaintiff; and the *relief demanded*, under this count, is judgment for $670," &c. These counts appear to be good in form, as counts in *debt*, to recover the respective values of the trees, according to the rule relied on in each. The plea of *nil debet* would have been appropriate to both, and the same judgment would have been proper as to either of them. The objection, on the ground of misjoinder, was, therefore, not tenable, and the demurrer should have been overruled.

But the question thus arises, whether the motion to dismiss the suit, made by the defendants, on the ground of their not being residents of the county where the suit was brought, nor found therein, should not have been sustained; and whether, looking to the whole record, the judgment was not correct?

The action of *ejectment*, and the action of trespass *quare clausum fregit*, are the only actions which may be brought in the county where the defendant does not reside and is not found. It is insisted, in behalf of the plaintiff, that this is an action *quare clausum fregit;* and, it appears, that the second count was so regarded in the court below. We have, however, above seen, that both counts are of the same nature, and are to be regarded, in form, as counts in debt. But if they be considered as counts of *quare clausum fregit,* it is clear that such an action cannot be maintained under

the statute. *Blackburn* v. *Baker*, 7 Porter, 284. This decision is made upon a statute the same in terms as our statute; and, we think, upon correct grounds. If the first is in debt, and the second in *quare clausum fregit*, the objection, on the ground of misjoinder, would prevail. And, if they are both in debt, as we think they must be regarded, the court had not jurisdiction; and, the motion to dismiss, should have been sustained.

Upon the whole record, the judgment is correct, and is affirmed.