JONAS M. CARPENTER v. BENTON M. SAVAGE.

1. SUPREME COURT PRACTICE. *Motion for new trial. Evidence.*

Rulings on the admission and exclusion of evidence, not brought to the attention of the trial court by a motion for a new trial, will not be considered in the supreme court. *Richberger v. State,* 90 Miss., 806.

2. TRESPASSES. *Cutting trees. Statutory penalty. Code* 1906, § 4977. *Plaintiff's title.*

A person claiming the ownership of land under color of title, having the actual adverse possession thereof at the time of the cutting, may recover, from a mere trespasser, the statutory penalty (Code 1906, § 4977) for cutting trees thereon.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

Savage, appellee, was plaintiff in the court below; Carpenter, appellant, was defendant there. The suit was for the statutory penalty (Code 1906, § 4977), fifteen dollars per tree, for forty-one poplar trees charged to have been cut by defendant on plaintiff's land without his consent. Plaintiff died pending the suit and it was revived in the name of his administrator. Divers rulings were made by the trial court on the admission and rejection of evidence but none of them were referrd to or brought into review by the defendant's, appellant's, motion for a new trial. It was proved on the trial that at the time of the cutting, which was not denied in the evidence, the original plaintiff was in the actual adverse possession of the land on which the trees were cut, claiming to be the owner of the same as against all persons, and that he held the same under a deed, which was read in evidence, and testimony was offered tending to show that the trees were cut by defendant without decedent's, original plaintiff's, consent. There was nothing in the admitted evidence to show that the defendant had or claimed any title whatever to the lands. From a judgment in plaintiff's favor defendant appealed to the supreme court.

*Lamb & Johnston,* for appellant.

It is a well settled rule of law that penal statutes should be construed strictly; and inasmuch as Code 1906, § 4979, upon which this action is based, is highly penal in its nature and effect it was incumbent upon the plaintiff to prove by competent evidence every single element of the wilful trespass under this statute in order to entitle him to recover the penalty sued for in this case. *Therrell v. Ellis,* 83 Miss. 494, 35 South. 826.

Savage was not the owner of the land in question and never claimed to be; and the fact that he had never given his consent to the cutting of the timber in no wise made Carpenter guilty of cutting these trees without the consent of the owner of the land.

Much of plaintiff's evidence was incompetent because the statute provides that the cutting must have been done without the consent of the owner of the land, and while the agent may have withheld his consent, this did not prove that the principal had not consented. *Ware v. Collins,* 35 Miss. 223.

Before plaintiff was entitled to recover it was necessary for him to prove with reasonable certainty "that the timber was cut on plaintiff's land." *Therrell v. Ellis,* 83 Miss. 494, 35 South. 826. If this fact was not established in evidence with reasonable certainty, plaintiff could not recover in this case.

It is nowhere shown that Carpenter, or his men, cut and carried away any of the trees after Carpenter knew that Savage claimed them, or after he had sufficient warning to put him on notice that they were claimed by Savage.

"Defendant will not be liable for the statutory penalty unless it be shown:

(a) That the trees were cut on plaintiff's land.

(b) That they were cut without plaintiff's consent.

\*   \*   \*

(e) That the cutting was done wilfully or recklessly, without proper precaution to prevent trespass." *Therrell v. Ellis,* 83 Miss. 494, 35 South. 826. And these facts must be estab-

lished in evidence with reasonable certainty. *Mhoon v. Green-field,* 52 Miss. 434.

The evidence in this case does not show such a wilful tres-pass as would warrant plaintiff in recovering damages of de-fendant under this severally penal statute. This statute must be strictly construed in favor of defendant and against the plain-tiff, and he must prove every single element necessary to consti-tute this wilful trespass.

*Candler & Candler,* for appellee.

1. The trees were cut on appellee's land.

2. They were cut without the consent of appellee.

3. They were cut within twelve months before the beginning of this suit.

4. They were cut by appellant.

5. The cutting was done wilfully; he cut them and at once dragged them off appellee's land, knowing they were claimed and owned by appellee.

Appellant testifies, "I moved the logs without the consent of Savage and by my own authority," which acts of appellant make him liable for the statutory price. *Therrell v. Ellis,* 83 Miss. 494, 35 South. 826.

CALHOON, J., delivered the opinion of the court. We de-cline to consider any objections made to the action of the court below in permitting and refusing to permit the introduction of testimony, for the reason that the motion for a new trial does not direct the attention of the court to the particular rulings.

In this case the plaintiff, in his action to recover the statutory penalty for cutting trees, established clearly that he was in pos-session under color of title, claiming as owner, and this was enough to sustain his action. But he further proved that his title was recognized and acknowledged by the actions of the de-fendant himself. We do not hold that the defendant might not have successfully resisted by showing a perfect title in himself or outstanding. This he did not do, nor propose to do.

*Affirmed.*