## LUMBER CO. *v.* CUAVE.

[61 South. 4.]

TRESPASS.   *Damages recoverable by person in possession.*

As against a mere tort-feasor, mere actual possession of land is alone
sufficient to maintain trespass, although such possession is al-
together unsupported by evidence of title and although it appears
that plaintiff is without title and that title is in a third person,
where such third person makes no claim and where the wrongdoer
claims no right from the third person.

INGRAM-DAY LUMBER COMPANY *v.* SUSTAN CUAVE.
APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Suit by Sustan Cuave against the Ingram Day Lumber
Company.   From a judgment for plaintiff, defendant ap-
peals.

The facts are fully stated in the opinion of the court.

*Mize & Mize,* attorneys for appellants.

The first error assigned is that the court erred in not sustaining appellants' motion to exclude all of the evidence offered by appellee and direct a verdict for the appellants, when appellee rested.

We submit that this motion should have been sustained. When the appellee rested, he had shown that he held a deed from the Gulf Coast Lumber Company to the land, but where the Gulf Coast Lumber Company got title to the land appellee did not, and could not, show. Appellee further showed that he lived with his daughter on adjoining land to this land and had cultivated some of the land, built some fence and dug a well. This was the possession he relied on. At this stage of the proceedings, the appellee had also shown, by his own witnesses, by their direct examination and by their cross-examination by appellants, that the title was in J. T. Jones to the said land at the time the timber was cut.

The law is, that one being sued for the cutting of trees, even though the party suing be in possession under a deed, under color of title, can successfully defend by showing title in himself or a third party. In this case, appellants showed title in a third party, J. T. Jones.

In the case of *Ware* v. *Collins,* 35 Miss. 231, the court used the following language:

"The case may be made to turn upon a single point, and that is, whether the plaintiffs' possession of the land, claiming it as their own, was sufficient evidence of title to maintain action. We are clearly of opinion that it was, and that, after this proof was made, it was incumbent on the defendant to show title, either in himself, or in some third party, to defeat the action."

It will be seen by the above citation that the court recognized the doctrine that where one is in possession of land, claiming it as his own, as in the instant case, and

sues another party for the cutting of trees on said land, such party may successfuly defend the suit by showing title in some third party.

In the case of *Davany* v. *Koon,* 45 Miss. 77 and 78, the court reaffirms *Ware* v. *Collins* in the following language:

"Nevertheless the paper was competent evidence of a color of title, to which the plaintiff might refer his possession. Possession under it would enable him to sustain this action. This suit would have been enough to have devolved upon the defendant to show title in himself or some third person in order to defeat the action."

This still continues to be the law, and was reaffirmed in *Carpenter* v. *Savage,* 93 Miss. 235, where Calhoun, J., uses the following language:

"In this case, the plaintiff, in his action to recover the statutory penalty for cutting trees, established clearly that he was in possession under color of title, claiming as owner, and this was enough to sustain his action. We do not hold that the defendant might not have successfully resisted by showing a perfect title in himself or outstanding. This he did not do, nor propose to do."

By the above cited language of the court, it is seen that this court still holds that, even though a person is in possession of land, claiming to be the owner under color of title, yet an action for trespass brought by him for the cutting of trees on said land may be defeated by the party sued if he can show title to said land in the third party. So this is the law unto the present time.

*Geo. S. Dodds,* Attorney for appellee.

Although the Gulfport Lumber Company may not have had perfect title to the land in question, and although the deed executed by it to appellee Cuave was void because not executed under the seal of the corporation, it was perfectly good as color of title. See *Avara* v. *Williams,* 81 Miss. 714.

Appellant recognized the title and possession of Cuave by undertaking to buy the timber from him, first offering

eight hundred dollars then sixteen hundred dollars, then two thousand dollars, and utterly failed to establish either one of its defenses set out in its notice, that is, that Cuave was not in possession of the land; that he had no title to same, the title being in J. T. Jones; and that the cutting of timber was done by contract with J. T. Jones. If appellant had shown that Jones, or his agent Thomas, had given permission to go on this land and cut, and they had acted in good faith in doing so, this might have shielded it as against the statutory penalty, but would constitute no defense as against Cuave's right to recover for the value of the timber cut; hence the position of appellant, that the lower court erred in giving the peremptory instruction to find for the plaintiff, falls to the ground, for the reason that the jury gave verdict only for the value of the seventy-three hundred trees cut, as shown by the testimony.

While the facts in this case would have justified a recovery for the statutory penalty, yet the verdict of the jury in finding only for value of the timber cut, cures any error, if any there was, in giving the peremptory instruction to find for plaintiff.

This court, in *Carpenter* v. *Savage,* 81 Miss. 235, in its opinion by CALHOUN, Justice, says: "Plaintiff . . . established clearly that he was in possession under color of title, claiming as owner, and this was enough to sustain his action. But, he further proved that his title was recognized and acknowledged by the actions of the defendant himself. We do not hold that the defendant might not have successfully resisted, by showing a perfect title in himself, or outstanding."

Applying these principles to the instant case, there is no tenable ground for appellant to stand upon, because appellee proved conclusively that he went into possession of the land in question, under color of title from the Gulfport Lumber Company; continued in possession thereof all along, claiming it as owner. Besides, the tes-

timony shows conclusively, that appellant recognized and acknowledged this color of title and possession by appellant, by undertaking to purchase the timber from him. Now, what did appellant do toward showing a perfect title in itself, or outstanding in some one else? It makes no pretense, as appears by the evidence, that it had title; and, besides, J. T. Jones had conveyed by quitclaim to appellee the naked legal title held by him.

The claim by appellant, that he went upon this land and cut the timber under license from J. T. Jones, hardly arises to the dignity of a subterfuge.

There is nothing in the contention of appellant that appellee could not maintain a suit for trespass, because at the time the timber was cut the naked legal title was in Jones, and that there was no assignment by Jones to Cuave of the cause of action, when Jones conveyed the legal title to Cuave. Cuave's color of title and possession thereunder, gave him full right to maintain the action, not only for the value of the timber cut, but for the statutory penalty. This has been held so often by this honorable court, that I deem it unnecessary to cite the court to its various decisions on this point.

It was held in *Fink* v. *Henderson,* 74 Miss. p. 8:

"A conveyance of land vests in the grantee, by way of assignment, all rights, and actions, and defenses, that his grantor had in respect thereto."

I deem it unnecessary to deal seriatum with the assignment of errors made by appellant, as I think an examination of the record in this case will justify the statement, that no sound proposition of law could be advanced in support of the right and conduct of the appellant to do what it did. In fact, there is nothing in the evidence in this case even tending to prove the good faith of appellant in the commission of this trespass, and, quoting from the brief of able counsel in the case of *Avari* v. *Williams,* "Unless some purely technical rule could be advanced to justify an act, lacking no element of the highwayman's

method, then this exceedingly reasonable judgment must
stand;'' because the testimony is without conflict in this
case, as to the appellee's claim or color of title, and his
continuous, actual, adverse possession, which was known
to and recognized at all times by appellant. In fact, the
conduct of appellant, as shown by the testimony in this
case, would indicate that its method of business was like
that of a barbarian, who followed ''the good old plan, Let
him take, who hath the power, and him keep, who can.''

*M. D. Brown,* attorney for appellee.

The rules of law, as to the rights of the plaintiff to sup-
port the action of trespass, will be greatly illumined. Pos-
session is the gist of the action, and possession alone is
sufficient to maintain the action. 38 Cyc. 1004, and note
thereunder. The person in possession has the right of
possession against the owner; title is not a defense of
another by the owner. 38 Cyc. 1045, 46, note 6.

Title and right of possession in a third person to prop-
erty in plaintiff's possession, where the defendant does
not connect himself with it, does not avail the defendant.
38 Cyc. 1058, p. 2.

With reference to the question of the right of the In-
gram-Day Lumber Company to go upon this, we beg to
submit the following authority in the case of *Hicks* v. *Mis-
sissippi Land Company,* 96 Miss. 353, 48 So. 64. There it
was held that Pierce, the agent of Hicks, who had power
of attorney, could give leave or license by parol to enter
and cut, and of course the converse of that proposition of
law is true, that is, that unless the agent did have power
of attorney he could not give leave or license by parol to
enter and cut. *Hicks* v. *Mississippi Lumber Company,* 95
Miss. 353.

But in this case the witness Thomas, agent of Capt. J.
T. Jones, stated that he did not have any such power of
attorney. Appellant, Ingram-Day Lumber Company, has
failed to show that there had been any contract with Capt.

J. T. Jones to enter this land and cut this timber. But, suppose he did have such an agreement; that of itself would not avail appellant, for "An agreement for the sale of land does not imply a license to enter." 38 Cyc. 10063, note 39, and *Fagan* v. *Scott,* 14 Hun (N. Y.), 162. *Erwin* v. *Olmstead,* 7 Cow. (N. Y.) 229; *Cooper* v. *Stowers,* 9 John. (N. Y.) 331. And a parol agreement to sell land, without actual possession under it, is no defense against subsequent vendee. 38 Cyc. 1064.

In the argument on page 7 in the brief of appellant, in support of its argument, counsel states that it is well settled in this state, that one in possession under color of title can maintain suit for trespass, unless the parties being sued can show "title in himself or in some third party." This statement should have proceeded one step further, and said that unless the party being sued can show title in himself, or in some third party, and connect himself with the third party, who holds the legal title. Counsel further proceeds, and uses authority hereafter quoted to sustain his two propositions, "It is equally well settled that the conveyance of lands by either quitclaim, warranty or special warranty deed, does not convey any right of action at that time, existing for trespasses committed on the lands conveyed. *Blodgett* v. *Seal,* 78 Miss. 522.

This authority of *Blodgett* v. *Seal,* above referred to, was not a trespass suit, as in the instant case, but was a suit in replevin for the recovery of personal property, to-wit, certain logs that were lying on the land that was purchased after the timber was severed from the land, and the deed to the land conveyed only the land and standing timber, which was a part of the land; of course it could not recover the personal property, which happened to be lying on the land at the time of the purchase, without an assignment of the cause of action in replevin; the distinction is too plain to discuss at any great length; one a suit for trespass, the other a suit of replevin for

.recovery of personal property. So the authority of *Blodgett* v. *Seal,* above referred to, was a replevin suit and not at all applicable to the instant case.

But the case of *Fink* v. *Henderson,* 74 Miss. 8, 19 So. 892, announces the sound rule in Mississippi, and says, "A conveyance of land vested in the grantee by way of assignment all rights of action and defenses that his grantor has in respect thereto."

And by reading the case of *Fink* v. *Henderson* you will note that conveyance was by a quitclaim deed and did carry by way of assignment all rights of action and defense that his grantor has in respect thereto; and, further, a quitclaim deed is as effectual to convey title as one in a general warranty. See also *Chapman* v. *Simmons,* 53 Miss. 154.

Counsel for appellant in his brief to sustain his conclusion cites the case of *Ware* v. *Collins,* 35 Miss., which case we contend is clearly in point and in favor of appellee, the opinion being on pp. 230-35 Miss., the opinion being so short we here quote:

"This was an action brought under the statute to recover the specific value for certain trees, alleged to have been cut by the defendant below, upon the lands of the plaintiff.

"The case may be made to turn upon a single point, and that is, whether the plaintiffs' possession of the land, claiming it as their own, was sufficient evidence of title to maintain the action. We are clearly of the opinion that it was, and that after this proof was made, it was incumbent on the defendant to show title, either in itself, or in some third party, to defeat the action."

The authority of *Davany* v. *Koon,* 45 Miss. 77, 78, which reaffirms the case of *Ware* v. *Collins,* is also authority for appellee, in that it plainly shows, that, after plaintiff shows his possession and color of title, it then devolved upon the defendant to show title in himself, or in some third person, in order to defeat the action, which appel-

lant has failed to do; so does the case of *Carpenter* v. *Savage,* 93 Miss. 235, reaffirm the other cases and bears out appellee in his contention. Appellant contends that because of the fact that appellee acquired the mere naked, legal title from J. T. Jones that he thereby barred himself from all rights of possession and whatever equity he may have obtained under his deed from the Gulf Coast Lumber Company.

In the case of *Flint* v. *Hubbard,* 57 Miss. 471, it is shown that a purchase of the mere equity is bound by the prior equities (though in instant case appellant has not shown itself the holder of any equitable title nor interest in the land involved in the case), though he has paid for and acquired his title in good faith, and under such circumstances he can defeat prior equities by a subsequent acquisition in good faith of the legal title. And that portion of the law applies with equal force in the instant case, for appellee had a title from the Gulf Coast Lumber Company and had been in possession under that title, had cultivated the land, made improvements, sold timber therefrom and it had been recognized, even by appellant and its agents, as the property of appellee. The appellee had a right to acquire the bare, naked legal title from J. T. Jones.

COOK, J., delivered the opinion of the court.

The record in this case reads like a page torn from the history of the Spanish Main in the good old days when might was right, and when the distinction between *Meum et tuum* was frankly disregarded. The Ingram-Day Lumber Company, appellant, coveting and longing for the valuable pine timber standing upon a certain quarter section of land in Harrison county, looked up appellee (an ignorant and illiterate man), who was in possession of same under color of title, and had been in such possession for seven or eight years, and offered to buy the much-desired timber; but appellee declined to be persuaded

and refused to part with the timber. Failing along this line, appellant searched the records of land titles and, discovering an outstanding title in J. T. Jones, endeavored to secured this title; but, as fate would have it, this title could not be obtained. Then it was that the spirit of the buccaneer was aroused, and so appellant proceeded to take by force that which it had failed to secure by the methods usually adopted by civilized men. Without decent pretense of legal or moral right, the timber was, over the protest of appellee, cut down and converted to the use of appellant. When appellee, a mild-mannered man, resorted to the courts and demanded judgment against appellant for this high-handed destruction and conversion of the trees, appellant sought cover behind the title of Jones, in spite of the fact that Jones had declined to give it his title, and in the face of the fact that Jones had, in the meantime, quitclaimed the land to appellee.

Assuming that the outstanding title in Jones is superior to the title of appellee, the question is: Can this avail appellant as a defense in a case where its trespass was wanton and in total disregard of the rights of appellee, and also of the rights of the holder of the outstanding title?

It will be noted that appellant did undertake to set up some sort of license from Jones—but this was a mere pretense without foundation in law or fact. The bald facts are that appellant wanted the timber, and, being unable to get it by fair or lawful methods, it proceeded to cut the timber without the leave or license of anyone. Are the courts so supinely helpless as to be unable to right the wrong because it appears that Jones had the superior title to the land, with which title appellant can claim no connection? In the court below appellee obtained a judgment for the actual value of the timber. Several decisions of this court are cited in support of the contention that, if a naked trespasser sued for his depredations upon land in the possession of the holder of a

color of title can produce a superior outstanding title in another, he can defeat the action by the holder of the possession and color of title for the value of the trees cut from the land.

*Ware* v. *Collins,* 35 Miss. 231, 72 Am. Dec. 122, is one of the cases cited, and a quotation is made from this decision. In *Davany* v. *Koon,* 45 Miss. 71, the question involved was the admissibility of a defective lease to sixteenth section lands as color of title to support an action by a party in possession of a sixteenth section against a trespasser cutting trees thereon, and the court in reversing the case said: "Nevertheless, the paper was competent evidence of a color of title, to which the plaintiff might refer his possession. *Possession under it* would enable him to sustain this action. This would have been enough to have developed upon the defendant to show title in himself, or some third person, in order to defeat the action." Judge SIMRALL in the above opinion cited *Ware* v. *Collins, supra,* in support of the above-quoted principle.

The next case cited is *Carpenter* v. *Savage,* 93 Miss. 233, 46 South. 537, and, as the opinion is short, we quote it in its entirety: "We decline to consider any objections made to the action of the court below in permitting and refusing to permit the introduction of testimony, for the reason that the motion for a new trial does not direct the attention of the court to the particular rulings. In this case the plaintiff, in his action to recover the statutory penalty for cutting trees, established clearly that he was in possession under color of title, claiming as owner, and this was enough to sustain his action. But he further proved that his title was recognized and acknowledged by the actions of the defendant himself. We do not hold that the defendant might not have successfully resisted by showing a perfect title in himself or outstanding. This he did not do, nor propose to do."

In *Ware* v. *Collins* and *Carpenter* v. *Savage,* a recovery was had for the statutory penalty, and the rule stated was

entirely accurate. In such cases the trespasser may show an outstanding title in a third person in bar of recovery, because the statute fixes the right of action in the *owner* of the land from which the trees were taken. In *Davany* v. *Koon,* the court was treating the lessee of sixteenth section land as the proper party to bring an action for the value of trees severed from the land in his possession, he claiming under a proper lease, the precedent facts leading up to the lease not being shown. The court merely held that the paper lease was *prima facie* evidence of his title, and quoted the rule as announced in *Ware* v. *Collins.* We think neither of the cases cited are decisive of the point involved in this case.

38 Cyc. 1017, announces the rule as follows: "It is a general rule, which is supported by decisions from nearly every jurisdiction, that, as against a mere tort-feasor, mere actual possession of land is alone sufficient to maintain trespass. This general rule has been held to apply, although such possession is altogether unsupported by evidence of title. So the doctrine has been held applicable although it appears that plaintiff is without title, and that title is in a third person."

The rule announced by Cyc. seems to be the proper rule. That a mere tort-feasor can hide behind the claim of a third person where the third person makes no claim, and where the wrongdoer claims no right from the third person, does not seem to be a rational rule. In this case the third person not only made no claim, but, when his attention was called to the matter, he immediately made a voluntary conveyance of the land to the plaintiff below.

The land pirate, a comparatively recent importation, does not appeal to this court when he comes into court admitting the piracy, but defending a suit for the value of the trees taken by force with the plea that some third person, a stranger, has the record title to the land from which the trees were cut.

*Affirmed.*