335 So.2d 885 (1976)
Preston PONDER
v.
STATE of Mississippi.
No. 49105.
Supreme Court of Mississippi.
August 3, 1976.
*886 Henry E. Pope, Columbia, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
LEE, Justice, for the Court.
Preston Ponder was convicted of manslaughter by culpable negligence in the Circuit Court of Marion County and was sentenced to serve a term of ten (10) years in the Mississippi State Penitentiary. From that conviction and judgment he appeals to this Court.
Appellant contends that (1) the lower court committed error in refusing to require the State to produce evidence which would have been beneficial to the appellant, and (2) the verdict of the jury was contrary to the overwhelming weight of the evidence. No motions were filed after verdict nor were any post-conviction remedies sought.
Motions for production of statements of witnesses and for production of documents and evidence were filed by appellant on December 30, 1974, and the case was continued at appellant's request until the May, 1975 Term. No ruling was obtained from the trial court on those motions.
When the case was called on the trial date, both the State and the defendant announced ready. After voir dire examination and while the jury was being selected in chambers, appellant renewed his motions which were then overruled by the court as being violative of Rule 8 adopted by the Circuit Court of Marion County. That rule required the movant to pursue a motion or dilatory pleading to decision during the term of court the motion was filed.
We hold that the trial court did not commit error in overruling the motions. There is no indication from the record that the prosecution had statements beneficial to or exculpatory of the appellant, or that a failure to disclose any material in its possession prejudiced appellant. He was not entitled to statements of witnesses simply as such.
Two highway patrolmen testified for the State describing the scene, the condition and contents of the vehicles, and the condition of the appellant. The fourteen-year-old son of deceased testified that (1) his father drove his automobile over a small hill crest at a reasonable rate of speed, (2) appellant was driving an automobile at a high rate of speed in deceased's lane of travel approaching him, and (3) appellant's automobile collided with deceased's automobile at a time when there was nothing deceased could do to prevent the collision. Appellant testified that (1) deceased's automobile came over the hill with the left wheels on the center line, and (2) appellant put on his brakes and skidded into the lane of deceased. It is assumed that appellant requested subpoenas for, and talked to, all the witnesses in his investigation of the case and preparation for trial, and that he knew all the facts. Therefore, he could not have been taken by surprise or prejudiced because the motions were denied.
Appellant's contention that the verdict of the jury was contrary to the overwhelming weight of the evidence was not assigned as a ground for new trial in the lower court, and it may not be raised here for the first time. A trial judge cannot be put in error on a matter which was not presented to him for decision. Cooper v. Lawson, 264 So.2d 890 (Miss. 1972); Mercier v. Davis, 234 So.2d 902 (Miss. 1970); Carpenter v. Savage, 93 Miss. 233, 46 So. 537 (1908). Although we do not consider this assignment of error, from the brief statement of the facts, supra, it may be seen that the evidence constituted a guilt issue for the jury.
There being no reversible error in the record, this cause must be and the same is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, and BROOM, JJ., concur.