# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00214-COA

DANIEL ROLLINGS A/K/A DANIEL ROLLING A/K/A "PEANUT"
                                                                        APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/19/2014 |
| TRIAL JUDGE: | HON. MARGARET CAREY-MCCRAY |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | K. ELIZABETH DAVIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | WILLIE DEWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, BURGLARY OF A DWELLING HOUSE, AND SENTENCED TO SERVE TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE OF THOSE YEARS ON POSTRELEASE SUPERVISION; AND COUNT II, RAPE, AND SENTENCED TO SERVE TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE OF THOSE YEARS ON POSTRELEASE SUPERVISION, WITH THE SENTENCES TO RUN CONCURRENTLY AND THE TIME ON POSTRELEASE SUPERVISION TO RUN CONSECUTIVELY |
| DISPOSITION: | AFFIRMED: 05/31/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.

GRIFFIS, P.J., FOR THE COURT:

¶1.    This appeal arises from Daniel Rollings's convictions of burglary of a dwelling house and rape.  Miss. Code Ann. §§ 97-17-23 & 97-3-65 (Rev. 2014).  Rollings now challenges the sufficiency and weight of the evidence and argues that he was indicted under the wrong statute for the crime of forcible rape.

**FACTS**

¶2.    A.J.[1] is a senior citizen who resides in Greenwood, Mississippi.  She met Rollings through her pastor and hired him to perform demolition work on a dilapidated structure located on her property.  Rollings worked for about a month on the project before he broke into A.J.'s home and raped her.

¶3.    On June 18, 2013, A.J. and her sister, E.H., arrived at A.J.'s house.  E.H. regularly picked A.J. up from her work as a baker at a local restaurant and brought her home.  E.H. testified that the door was locked when they arrived at the house.  The two sisters entered the house and talked for a few more minutes before E.H. departed.

¶4.    A.J. then began to walk through the house to her bathroom, where she intended to take a bath.  As she was walking through the hallway, she was grabbed from behind.  After a struggle through multiple rooms of the house, A.J. was raped.  The attacker left A.J.'s house, and A.J. called the police.  The attacker returned several minutes later while A.J. was on the phone with the police department, and A.J. closed the door on him.

¶5.    When the police arrived, A.J. told them that "Peanut" (Rollings's nickname) raped

---

[1] To protect the identity of victims of sexual crimes, this Court uses aliases for the victim and close family members.

her. She was taken to the hospital, where a sexual-assault evidence collection kit was completed. A.J. later identified Rollings in a photographic lineup. He was arrested the day after the burglary and rape.

¶6. Rollings told officers that he had consensual sexual relations with A.J. and that she allowed him to have sex with her because they were friends. DNA was taken from Rollings. This DNA matched the DNA gathered during the completion of the sexual-assault evidence collection kit.

¶7. At trial, the State presented eleven witnesses. Following the State's case-in-chief, Rollings made a motion for a directed verdict, which was denied by the trial court. Rollings presented no witnesses of his own, and the jury returned a verdict convicting him of both charges – burglary and rape. Rollings made a posttrial motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV), which was denied. He now appeals.

**ANALYSIS**

¶8. Rollings contends that the trial court erred in denying his motions for a directed verdict and for a new trial or, in the alternative, a JNOV, and that the trial court erred in not granting a peremptory jury instruction. He claims that the jury verdict was against the overwhelming weight of the evidence and was not supported by sufficient evidence. Lastly, he argues that the trial court erred in finding Mississippi Code Annotated section 97-3-65 was the proper statute for the indictment of forcible rape.

> **I.** **Whether the trial court erred in denying Rollings's motion for a directed verdict, his motion for a JNOV, and his proposed peremptory**

*jury instruction because the evidence was insufficient to support the convictions of rape and burglary.*

¶9.     Rollings claims that the trial court should have granted his motion for a directed verdict  because the State failed to prove the elements of burglary of a dwelling, namely the element of intent.  Rollings further argues that the trial court erred in denying his motion for a JNOV.  He also contends that the trial court erred in denying his proposed jury instruction D-1, a peremptory instruction.

¶10.    "A motion for a directed verdict or a JNOV or a request for a peremptory instruction attacks the legal sufficiency of the evidence." *Magee v. State*, 966 So. 2d 173, 179 (¶13) (Miss. Ct. App. 2007).  "In determining whether the evidence was sufficient to sustain a conviction, the relevant question is whether the evidence was such that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at (¶14).  In making this determination,

> [This Court] view[s] the evidence in the light most favorable to the prosecution.  We must reverse and render if the facts and inferences "point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty."  The evidence will be found sufficient if a reasonable jury, applying the beyond a reasonable doubt standard, might reach different conclusions on each element of the offense.

*Id.*; *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005).

¶11.    At trial, E.H. testified that when she and A.J. arrived at A.J.'s house, the door was locked.  A.J. testified that she did not invite Rollings inside her home and that she did not know of his presence in the home until the altercation began.  In Rollings's statement given to the police, he admitted that he entered the home but claimed that the door was unlocked.

4

But even "the act of opening a closed, unlocked door is sufficient to establish the breaking element of burglary." *Magee*, 966 So. 2d at 180 (¶18).

¶12.    Particularly, Rollings takes issue with the element of criminal intent. He claims that he entered the home with the intent to have consensual sexual intercourse, not to commit the crime of rape. This claim is contradicted by A.J.'s testimony that Rollings was hidden in the home prior to grabbing her from behind. The two then struggled for several minutes in multiple rooms of the home before the rape occurred. The State presented photographic evidence of the rooms in the house where the struggle took place – showing furniture and other items knocked out of place. This evidence tends to prove that Rollings entered the house with the intent to rape A.J. Further, "[w]hether the accused had a specific intent is a fact question for the jury." *Id.* at 180-81 (¶19). And "[u]nless one expresses his intent, the only method by which intent may be proven is by showing the acts of the person involved at the time in question, and by showing the circumstances surrounding the incident." *Id.* at 181 (¶19).

¶13.    The evidence presented by the State showed that Rollings did have sexual intercourse with A.J. The jury then assessed the testimony of A.J. regarding her version of the events. Sufficient evidence existed for the jury to find that Rollings entered A.J.'s home with criminal intent and for the jury to find the elements of burglary of a dwelling and forcible rape proven beyond a reasonable doubt. Accordingly, this issue is without merit.

> **II.    *Whether the trial court erred in denying Rollings's motion for a new trial because the verdict was against the overwhelming weight of the evidence.***

¶14.    Rollings next argues that the trial court erred in denying his motion for a new trial and that the verdict was against the overwhelming weight of the evidence. "A motion for new trial challenges the weight of the evidence." *Wilson v. State*, 904 So. 2d 987, 994 (¶21) (Miss. 2004). This Court will reverse "if the trial court abused its discretion in denying a motion for a new trial." *Id.* "A new trial will not be granted unless the verdict is so contrary to the overwhelming weight of the evidence that an unconscionable injustice would occur by allowing the verdict to stand." *Id.* at (¶22).

¶15.    In response to Rollings's appeal, the State argues that Rollings's motion for a new trial did not contain a "distinct claim" that the verdict was against the overwhelming weight of the evidence; therefore, this argument is procedurally barred and not properly before this Court on appeal. If the "[a]ppellant's contention that the verdict of the jury was contrary to the overwhelming weight of the evidence was not assigned as a ground for a new trial in the [trial] court, . . . it may not be raised here for the first time." *Ponder v. State*, 335 So. 2d 885, 886 (Miss. 1976). "A trial judge cannot be put in error on a matter which was not presented to him for decision." *Id.*; *Wilson*, 904 So. 2d at 994 (¶24). However, it appears that the trial judge did consider the weight of the evidence, as he denied Rollings's motion for a new trial.

¶16.    Despite this procedural issue, we find that Rollings's claims lack merit. Rollings fails to argue any specific error regarding the evidence presented by the State other than the bare assertion that the verdict was against the overwhelming weight of the evidence. The jury was presented with evidence through the testimony of A.J., E.H., multiple police officers and investigators, two experts in forensic science, a nurse who examined A.J., and a nurse who

6

took DNA samples from Rollings. The jury also saw photos of A.J.'s home after the attack, showing furniture and other belongings knocked out of place, indicating a struggle took place. Rollings's statement, given the day after the attack, was read to the jury. Rollings never denied having sexual intercourse with A.J. or entering her house. Rollings then presented no evidence to rebut that presented by the State. The evidence of Rollings's guilt was substantial. The trial court properly denied Rollings's motion for a new trial.

### III. *Whether the court erred in finding that Mississippi Code Annotated section 97-3-65 was the proper statute for Rollings's indictment of rape.*

¶17. Rollings next contends that he was indicted under the incorrect statute, Mississippi Code Annotated section 97-3-65. He claims that the statute only addresses statutory rape, spousal rape, and rape related to drugging.

¶18. Mississippi Code Annotated section 97-3-65(4)(a) reads:

> Every person who shall have forcible sexual intercourse with any person . . . shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.

Rollings is correct that this section of the statute also addresses "sexual intercourse not constituting forcible sexual intercourse or statutory rape" that occurs "without that person's consent by administering to such person a substance or liquid," which "prevent[s] effectual resistance." Miss. Code Ann. § 97-3-65(4)(a). But Rollings's contention that his offense is not included is incorrect, as this section also addresses forcible sexual intercourse. Rollings was indicted under the proper statute; therefore this issue is without merit.

7

¶19. **THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, BURGLARY OF A DWELLING HOUSE, AND SENTENCE OF TWENTY YEARS, WITH FIVE OF THOSE YEARS ON POSTRELEASE SUPERVISION; AND COUNT II, RAPE, AND SENTENCE OF TWENTY-FIVE YEARS, WITH FIVE OF THOSE YEARS ON POSTRELEASE SUPERVISION, WITH THE SENTENCES TO RUN CONCURRENTLY AND THE TIME ON POSTRELEASE SUPERVISION TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.**

**LEE, C.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**